WIGGINTON, Acting Chief Judge.
This interlocutory appeal is from an order denying a motion to dismiss a complaint on the ground of improper venue.
From the complaint, the attached exhibits, and the affidavit filed in support of the motion to dismiss, it appears that appellant, a resident of Lake County is the owner of a parcel of land situate in Alachua County. He listed this land for sale with a broker residing in Alachua County. Ap-pellee agreed to purchase the land and through negotiations with the broker signed a written contract containing all of the terms and conditions of sale. Simultaneously with the execution of the contract ap-pellee paid to the broker the sum of $1561.-50 as part payment of the purchase price and agreed to pay an additional sum at the time of closing with the balance to be secured by a mortgage encumbering the property involved in the transaction. The contract was likewise signed by appellant as well as by the broker who is designated in the contract as the seller’s agent and local representative. The contract provides that upon closing appellant will deliver a warranty deed conveying a merchantable title free of encumbrances. An examination of the abstract revealed certain title defects which were called to appellant’s attention, but which he refused to correct. Despite this refusal, appellee agreed to purchase the property and demanded that the transaction be closed. Appellant refused to honor the terms of the contract or to discharge the obligations assumed by him thereunder. He gave written notice to ap-pellee that he would not convey the property and considered the contract terminated and at an end. Appellee thereupon instituted this common law action in the Circuit Court of Alachua County based upon appellant’s breach of the purchase contract. Damages are claimed for the expenses incurred by appellee in having the abstract of title examined and in conducting negotiations for closing the transaction; the purchase money paid at the time the contract was executed, and for the enhanced value of the property which accrued subsequent to the date of the contract.
It is appellant’s position that since he was the last party to sign the contract, which act occurred at the place of his residence in Lake County, the cause of action, if any, accrued in Lake County and not in Ala-chua County. He claims the privilege of being sued in the county of his residence and asserts that the trial court committed error in denying his motion to dismiss the action.
The statute of this state relating to venue provides that suit shall be begun only in the county where the defendant resides, or where the cause of action accrued, or where the property in litigation is located.[1] Since this suit was not brought in the county where defendant resides, and no property is involved in the litigation, we are concerned only with the question of where the cause of action accrued which is the subject of this proceeding.
In the Peters case suit was instituted in Dade County by a resident thereof for damages suffered from a breach by defendant of an implied contract of warranty. The defendant was a corporation domiciled in Duval County. The damages sought were alleged to have resulted from the loss of a crop of tomatoes caused by the fertilizer purchased by plaintiff from defendant. *91 The fertilizer had been purchased in Dade County through defendant’s local agent. Defendant sought dismissal of the action on the ground of improper venue claiming that the cause of action, if any, accrued in Duval County, where the order was accepted and where defendant was domiciled and maintained its principal place of business. Although the Supreme Court discussed the matter of where the contract of purchase was consummated, it clearly held that the breach of contract occurred in Dade County where the fertilizer was sold to be used on plaintiff’s crop of tomatoes which were growing in Dade County. It was in Dade County where the damages were suffered, and therefore the cause of action was properly instituted in that forum.[2]
It has been held that in a suit for damages resulting from breach of contract the cause of action accrues at the place where the contract was breached, which, for the purpose of venue, and in the absence of circumstances indicating the contrary, will be deemed to be at the place where the contract was to have been performed.[3]
In the Gates case the Third District Court of Appeal considered the question of whether Dade County was the proper venue for bringing a suit for declaratory decree where the relief sought was based upon a breach of a lease contract covering property located in Broward County, where the defendant resided. One of the alleged grounds for breach of contract was that defendant refused to furnish certain plans and other information to plaintiff for use in procuring a conditional appraisal of the property as provided in the lease. The evidence revealed that the contract was signed at a time when defendant was a resident of Dade County and the breach occurred when defendant was so domiciled. It was after the alleged breach that defendant moved his residence to Broward County, where the property was located. The court held that any cause of action resulting from the breach of contract alleged in the complaint must be held to have accrued at the location of the property in Broward County, in the absence of a showing that the acts were by contract to be performed by defendant at a designated place outside that county.[4] Based upon its stated conclusion the court held that since the cause of action accrued where the default occurred in Broward County, that Dade County was not the proper venue for the action.
From an examination of the record before us it is clearly implied that the contract involving the purchase and sale of appellant’s property located in Alachua County was to be performed in that county. It was there that the property forming the subject matter of the contract was situated. Appellant had offered the property for sale through an Alachua County broker whom he constituted as his agent. In the absence of any express provisions to the contrary it is presumed that the deed conveying the property to appellee would be delivered in Alachua County where it is entitled to record, and that ap-pellee’s mortgage securing the balance of the unpaid purchase price would for the same reason be delivered there. The damages which appellee has suffered as a result of appellant’s refusal to perform the contract have been suffered in Alachua County. The witnesses on whom appellee would have to rely to prove the damages claimed would necessarily be residents of Alachua County for that is where appel-lee’s expenses were incurred in having the abstract of title examined and negotiations conducted for the closing of the transaction, and where the witnesses most qualified to testify as to the enhanced value of the property could be located.
*92 It is our view, and we so hold, that the cause of action sued upon in this cause accrued in Alachua County, where the suit is presently pending. The trial court therefore properly denied appellant’s motion to dismiss the action on the ground of improper venue, and the order so holding is accordingly affirmed.
STURGIS and RAWLS, JJ., concur.

. Peters v. E. O. Painter Fertilizer Co., 73 Fla. 1001, 75 So. 749.

. F.S. Section 40.01, F.S.A.

. 92 C.J.S. Venue § 10, p. 682.

. Gates v. Stucco Corporation (Fla.App. 1959), 112 So.2d 36.