180 So.2d 495 (1965)
Kenneth R. HUNT, Appellant,
v.
Kenneth J. GANAWAY, individually, Kenneth J. Ganaway, d/b/a Southern Dairy Queen Co., Appellee.
No. G-493.
District Court of Appeal of Florida. First District.
November 16, 1965.
Rehearing Denied December 20, 1965.
*496 Edgar C. Booth, Tallahassee, for appellant.
Phillip D. Anderson, Palm Beach, and C. DuBose Ausley, of Ausley, Ausley, McMullen, O'Bryan, Michaels & McGehee, Tallahassee, for appellee.
RAWLS, Chief Judge.
Plaintiff Hunt by this interlocutory appeal questions that part of the circuit court's order which holds in effect that the Small Claims Court in Palm Beach County has acquired jurisdiction in the subject matter of this litigation to the exclusion of the Circuit Court in Leon County.
Both causes of action arose from the breach of a contract, known as a Store Manager's Agreement, by which Hunt, as manager, agreed to operate a drive-in restaurant in Leon County for the owner Ganaway. Hunt filed his complaint in the Circuit Court in Leon County before Ganaway filed his cause of action against Hunt in the Small Claims Court in Palm Beach County, but service of process was first effected in the Palm Beach County suit.
The circuit judge ordered the Leon County case held in abeyance pending final disposition of the question of venue in the Small Claims Court. The order further provided that if it is determined that venue is properly laid in the Palm Beach County case, then the Small Claims Court in Palm Beach County has acquired jurisdiction over the subject matter of this cause to the exclusion of the Circuit Court in Leon County. The correctness of this portion of the order is the only question presented on this appeal. The circuit judge found that the question was settled by Martinez v. Martinez,[1] which held that in case of conflict between courts of concurrent jurisdiction, the one first exercising jurisdiction acquires control to the exclusion of the other and jurisdiction attaches when summons is served.
The Martinez case was decided prior to the 1956 revision of Article V, Florida Constitution, F.S.A., which vested in the Supreme Court of Florida the exclusive rule making power for practice and procedure in all courts. Pursuant to this constitutional duty the Supreme Court of Florida promulgated Rule 1.2, Florida Rules of Civil Procedure, 30 F.S.A.,[2] which provides:
"Every suit of a civil nature shall be deemed as commenced when the complaint is filed * * *."
This rule was construed by our sister court in the case of Paradis v. Cicero.[3] There, as a result of an automobile accident, Paradis and Hemphill filed suit against Cicero and Mitchell in the Circuit Court of Okeechobee County where the cause of action *497 accrued. Personal service of process was obtained against Mitchell and alias process was attempted against the minor defendant, Cicero. This process as to Cicero was later quashed. In the meantime Cicero filed suit against Paradis and Hemphill in Hillsborough County and service of process was accomplished against the defendants. Although the Second District Court of Appeal professed no attempt to resolve any head-on clash of active jurisdiction between the circuit courts of the two counties, it does note that the plaintiffs who filed the first complaint have "regularly invoked jurisdiction of the circuit court for Okeechobee County subject, of course, to activation of jurisdiction over the persons of the defendants" and that court "retains jurisdiction of this entire cause." Implicit in that holding is the principle that the court whose jurisdiction is first invoked by the filing of a complaint has jurisdiction to the exclusion of the other.
This view of the Cicero case is buttressed by the fact that Rule 1.2, Florida Rules of Civil Procedure, is similar to and based upon Rule 3, Federal Rules of Civil Procedure.[4] Though not controlling in Florida, the federal decisions construing the federal rule are strongly persuasive. Typical of these decisions is Barber-Greene Company v. Blaw-Knox Company[5] which held that the rule was decisive of the issue, and when two suits filed in courts of concurrent jurisdiction have substantially the same purpose, the one whose jurisdiction is first invoked by the filing of the complaint has authority to proceed to the exclusion of the other.
We hold that the earlier filing of the complaint in the Circuit Court in Leon County invoked the jurisdiction of that court over the subject matter of this litigation and the court erred in its order staying said cause.
The cause is remanded for further proceedings in accordance with this opinion.
STURGIS and JOHNSON, JJ., concur.
NOTES
[1] Martinez v. Martinez, 153 Fla. 753, 15 So.2d 843 (1943).
[2] See Authors' Comments, 30 F.S.A. p. 13, stating: "This rule is of extreme importance. The time when a suit is commenced determines whether it is prematurely brought, whether it is barred by limitations or [aches, or prior or subsequent to another suit."
[3] Paradis v. Cicero, 167 So.2d 248 (Fla. App.2d, 1964).
[4] Barron and Holtzoff, Federal Practice and Procedure, Vol. 1, Rules Edition, 1960, § 161 pp. 626-627 sets forte the purpose of the rule as: "The time of commencing the action determines whether it is prematurely brought or whether by reason of delay it is barred by limitations or laches, or which of two courts first acquired jurisdiction and therefore should retain the case for disposition * * *."
[5] Barber-Greene Company v. Blaw-Knox Co., 230 F.2d 774 (6th Cir., 1957).