378 So.2d 57 (1979)
SPEEDLING, INC., a Florida Corporation, Appellant,
v.
Harold "Andy" KRIG, Appellee.
No. 79-964.
District Court of Appeal of Florida, Second District.
December 7, 1979.
John R. Bush and Claude H. Tison, Jr. of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
A.P. Gibbs of Gibbs & McAlvanah, P.A., Dade City, for appellee.
GRIMES, Chief Judge.
This appeal challenges an order denying the defendant's motion to transfer venue in a contract action.
Harold Krig filed a complaint for breach of contract against Speedling, Inc. in the Circuit Court for Pasco County. The complaint alleged that in July 1978 Krig, a resident of Pasco County, and Speedling entered into a contract under which Speedling was to supply Krig with seedling plants for his farming operations. It further alleged that the parties executed the contract at Krig's home. The contract, which was attached to the complaint, had the following notation: "method of payment  net ten days  all prices f.o.b. production area." The complaint also alleged that difficulties arose in the production of the plants and that as a result Krig and Speedling entered into a new contract in September 1978 which also called for Speedling to supply plants to Mr. Krig. Speedling, however, refused to deliver the seedlings.
Speedling filed a motion to transfer venue to Hillsborough County and attached to that motion an affidavit of its president. In the affidavit, the president stated that Speedling was a Florida corporation having its principal and only place of business in Sun City in Hillsborough County. He also asserted that Speedling had always made delivery of its products to Mr. Krig at its place of business in Sun City. The court denied the motion for transfer of venue, and Speedling instituted this timely appeal.
The applicable venue statute is Section 47.051, Florida Statutes (1977). It reads, in pertinent part, as follows:
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.
It is undisputed that Speedling's place of business was in Hillsborough County and *58 that there was no property in litigation. Hence, if venue was proper in Pasco County, the cause of action would have had to have accrued there. However, as we view the record, the cause of action accrued in Hillsborough County.
A cause of action on a contract accrues for venue purposes where the breach of that contract occurs, and if a contract involves performance, the breach occurs where the defaulting party fails to perform an act that it has agreed to do. American International Food Corporation v. Lesko, 358 So.2d 250 (Fla. 4th DCA 1978); Stanfield v. DeStefano, 300 So.2d 712 (Fla. 2d DCA 1974); Williams v. Scholfield, 144 So.2d 89 (Fla. 1st DCA 1962).[1] According to the affidavit submitted by Speedling's president, Speedling always made delivery of its products at its place of business in Hillsborough County.[2] Thus, the cause of action accrued there because that is where Speedling failed to perform by not delivering the plants which Mr. Krig had ordered.
In light of what we have said, it is clear that there was nothing upon which the court could base venue in Pasco County. For that reason, we reverse the order denying the motion to change venue and remand the case for further proceedings consistent with this opinion.
SCHEB, J., and SHAFER, ROBERT T., Jr., Associate Judge, concur.
NOTES
[1] Krig cites Peters v. E.O. Painter Fertilizer Co., 73 Fla. 1001, 75 So. 749 (1917), and Blanton v. Cudahy Packing Co., 154 Fla. 872, 19 So.2d 313 (1944), for the proposition that the cause of action accrues where the contract is made. Aside from the fact that an action for damages on a contract could hardly accrue until a breach occurs, each of these cases involved breaches of warranty in which the delivery of the tainted product had taken place in the county where venue was held to lie. See Williams v. Scholfield in which the court specifically rejected the interpretation of Peters now argued by Krig.
[2] This assertion is supported by the provision of the contract which called for prices to be paid f.o.b. production area.