CAMPBELL, Judge.
Revels Ford Tractor Co., Inc. appeals an order dismissing its amended complaint with prejudice. In its order of dismissal, the trial court referred to two earlier suits saying that “the matters sued on in the instant action were or should have been litigated in these prior actions.”
Revels sued the Meares and Meares Indian Rocks Landscaping, Inc. in this action for the down payment on a tractor sold to them by Revels in April, 1978. Earlier, Revels had sued Meares for payment for parts, services, and repairs performed from November, 1977, through June 20, 1978. Borg-Warner Acceptance Corporation, Revels’ assignor, had also sued Mr. and Mrs. Meares on an installment sales contract and security agreement for a truck and trailer that Revels sold to Meares in March, 1978. The parties eventually settled that case in favor of Borg-Warner.
After examining the record and even after indulging in the presumption of correctness that attaches to proceedings in a lower court, we cannot anywhere determine that the subject matter of the dismissed complaint was ever litigated in the prior proceedings. The suit for payment for parts, services, and repairs performed nowhere mentions the sale of a tractor and was apparently unconnected with the tractor. The sale of the tractor and the sale of the truck and trailer occurred at different times, involved different financing arrangements, arose from separate contracts, and concerned different goods. Therefore, there is not that identity of causes of action and of the items sued for sufficient to trig *1192 ger an application of res judicata. Cole v. First Development Corp. of America, 339 So.2d 1130 (Fla. 2d DCA 1976); 32 Fla. Jur.2d Judgments & Decrees § 107 (1981). Neither do we find that the subject matter of the dismissed complaint should have required a compulsory counterclaim in the earlier proceedings. That being the case, the trial court erred in dismissing Revels’ amended complaint with prejudice. Accordingly, we reverse that order so that Revels’ claim may be considered on the merits.
SCHEB, A. C. J., and SCHOONOVER, J., concur.