COWART, Judge.
This case involves venue of a suit on a guaranty agreement.
Appellant, as guarantor, executed an agreement guaranteeing to appellee, as lessor, payment and performance of the indebtedness and obligations of the lessee under an open end motor vehicle leasing agreement. The guaranty agreement contained no clause governing the venue of any action on the guaranty agreement but it did provide that it was to be interpreted under New York law. The underlying automobile leasing agreement provided that it would be construed under Illinois law and that venue on any action thereunder or related thereto would be in Cook County, Illinois, or such other venue selected by the lessor having jurisdiction over the parties. Appellant, a resident of Hillsborough County, Florida, was sued in Marion County, Florida, by appellee on the guaranty agreement and appeals an order denying his motion for change of venue.
The venue provision in the underlying automobile lease is not an obligation or indebtedness which was guaranteed by appellant. We have been referred to no provision of New York law to the effect that venue on an action on a guaranty agreement is governed by a venue provision in the agreement guaranteed. Because this action is on the guaranty agreement and not on the automobile leasing agreement and there is no contract provision relating to venue on the guaranty agreement, the general venue statute, section 47.011, Florida Statutes (1981), applies. That statute provides that “actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” No property is involved in this action. Appellant’s affidavit that the cause of action did not accrue in Marion County, Florida, while conclusory, is uncontradicted. Appellee presented no facts demonstrating that the cause of action for breach of the guaranty agreement accrued in Marion County, Florida. Accordingly, the order denying appellant’s motion to dismiss or for a change of venue is reversed and the cause is remanded with directions that this cause be transferred to the county where the defendant resides.
REVERSED AND REMANDED.
ORFINGER, C.J., and COBB, J., concur.