437 So.2d 238 (1983)
Clarence J. SUGGS, et ux., Appellants,
v.
Tim COWART d/b/a Tim Cowart and Associates, Appellee.
No. 82-1067.
District Court of Appeal of Florida, Fifth District.
September 15, 1983.
William O. Birchfield and Stephen H. Durant of Martin, Ade, Birchfield & Johnson, for appellants.
James G. Sisco, St. Augustine, for appellee.
ORFINGER, Chief Judge.
The issue before us in this appeal from a non-final order denying appellant's motion for change of venue, is the determination of *239 proper venue when each of two parties has filed a separate action against the other in different counties, both actions arising out of the same transaction or occurrence. We reverse the order denying the change of venue.
Appellants (the owners) owned certain real property in St. Johns County, which they listed for sale with appellee (the broker). The broker produced a purchaser who entered into a contract with the owners to purchase the subject property, and when the owners refused to close, the purchasers brought an action for specific performance and ultimately secured a judgment requiring the owners to convey. This final judgment was not appealed, and the owners performed. The broker was not a party to that action, but the owners had alleged as a defense that the contract for sale and purchase had been procured "as a result of fraud and misrepresentation in that [the broker], with fraudulent intent, represented to ..." the owners certain facts alleged not to be true.
On June 3, 1982, the broker filed the instant action in St. Johns County to recover his brokerage commission on the sale mentioned above. Before any service of process in the St. Johns action, the owners, who reside in Duval County, filed an action for damages in Duval County against the broker, alleging that the broker fraudulently induced them to execute the sales contract with respect to who would be responsible for the sales commission and with regard to other aspects of the proposed transaction, as a result of which, the owners allege, they were compelled to sell their home for less than it was worth. They further allege that if the broker was their agent, he breached his duty to them in inducing them to sign a contract which required them to pay a real estate commission while representing to them that the buyer would pay it.
In the Duval County action, service of process was perfected on June 8, 1982, at 11:35 o'clock A.M. In the St. Johns County action, service of process was perfected on June 8, 1982, at 7:55 o'clock P.M. Thus, although the St. Johns County action was filed first, process was first perfected in the Duval County action. The St. Johns County action involves only a claim for the brokerage commission. The Duval County action seeks damages from the broker, but additionally, seeks a determination that the owners are not liable for the real estate commission, and thus the entitlement by the broker to his commission is inextricably involved in the Duval County action as well.
More than a question of venue is involved. We are really dealing with the question of which court, the Duval County Circuit Court or the St. Johns County Circuit Court, has jurisdiction of the parties and of this controversy. A similar question was reviewed and decided by the supreme court in Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842 (1943). In that domestic relations dispute, the wife had first filed an action in Polk County for separate maintenance and custody of the children. The husband later filed an action in Pinellas County for divorce and custody of the children. Service was perfected first in the husband's suit in Pinellas County, and although clearly the issues were broader in that action than in the action for separate maintenance, the supreme court adopted the view that in case of conflict between courts of concurrent jurisdiction, the one first exercising jurisdiction acquires control to the exclusion of the other, and that jurisdiction attaches when the summons is served. Thus, it was held by the Martinez court that the Pinellas County Circuit Court had acquired jurisdiction of the controversy, although it was filed later in time.
In Hunt v. Ganaway, 180 So.2d 495 (Fla. 1st DCA 1965), the district court of appeal held that Martinez had been superseded by the 1956 revision of Article V of the Florida Constitution and Rule 1.2 of the Florida Rules of Civil Procedure (see Rule 1.050 of the current rules) which provided, in essence, that civil suits were deemed commenced when filed. Thus, reasoned the Hunt court, the court in which an action was first filed acquired jurisdiction notwithstanding that service of process was *240 first perfected in the competing action in another court.
In Mabie v. Garden Street Management Corporation, 397 So.2d 920 (Fla. 1981), the supreme court settled the apparent conflict between Hunt and Martinez, holding:
When two actions between the same parties are pending in different circuits, jurisdiction lies in the circuit where service of process is first perfected. Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842 (1943). The First District Court of Appeal, finding that a later rule change overruled Martinez, held that the suit filed first prevails. Hunt v. Ganaway, 180 So.2d 495 (Fla. 1st DCA 1965), cert. denied, 188 So.2d 806 (Fla. 1966). Although there is a rational basis for reaching that conclusion, we find that the better policy is to follow Martinez and have the date of service of process govern the jurisdictional conflict presented by this case. We affirm Martinez and disapprove Hunt. (footnotes omitted).
397 So.2d at 921.
Mabie clearly applies here. The interrelationship of the claims would make it compulsory that the owners counterclaim for their damages in the St. Johns action if they are to prevail on their contention that they do not owe a real estate commission, and would require the broker to counterclaim for his broker's commission in the Duval County action. If two separate actions were maintained, a determination in one action on the issue of fraud in the inducement with respect to the contract for sale and purchase would be res judicata on that issue in the other action.
Thus we have two separate lawsuits, filed in two different places, involving the same parties and revolving about the same set of facts. One lawsuit will resolve all questions arising in this dispute. The parties should not be burdened with the expense of two actions, nor should the courts be burdened with two cases involving the same issues, when one will take care of the problems. Neither should we approve a situation where, as here, each party is motivated to rush to judgment in his action in the hope that a determination of a common issue will be binding in the other suit. Perhaps St. Johns County would be the better place to litigate all the issues, but the supreme court has said that in a situation like this where the parties file separate actions in different counties, the action will be maintained in the county in whose action service of process was first perfected. Mabie v. Garden Street Management Corporation, supra. In this case, that means Duval County, so we reverse, and remand this cause with directions to transfer the action to Duval County.
REVERSED and REMANDED.
SHARP, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
When each of two persons reside in different counties and each files an action against the other in different counties and the claim in each action arises out of the same transaction or occurrence that is the subject matter of the other action, in which county is the proper venue?
Appellants, hereinafter called the owners, are residents of Duval County who owned land in St. Johns County, Florida. Appellee, hereinafter called the broker, is a real estate broker and a resident of St. Johns County with his place of business in that county. The owners agreed to pay to the broker in St. Johns County a brokerage commission if the broker procured a buyer for the owners' land. The broker procured a buyer with whom the owners agreed to sell their land. When the owners refused to close the buyer sued the owners for specific performance and the owners defended alleging fraud in the inducement. A final judgment in favor of the buyers and against the owners was entered in that action.
Thereafter, on June 3, 1982, the broker filed a complaint in St. Johns County against the owners to collect the brokerage commission. Process in this action was served on the owners on June 8, 1982, at 7:55 o'clock p.m. Soon after the filing of *241 the broker's action for a commission the owners filed a complaint for damages in Duval County against the broker alleging that the broker fraudulently induced the owners to enter into the land sales agreement in question. Although the owners' fraud action against the broker was filed after the broker's action was filed against the owners, the complaint in the owners' fraud action was served on the broker at 11:35 o'clock a.m. on June 8, 1982 and thus, before the service of the complaint in the broker's action against the owners.
The owners, alleging that since their Duval County fraud action was first served the Duval County circuit court was the proper venue for litigation of both claims, moved in the broker's action in St. Johns County to have that action dismissed or, in the alternative, to have the St. Johns brokerage action transferred and consolidated with the Duval County fraud action. From the denial of this motion the owners appeal.
The owners argue that the trial court erred in failing to follow Mabie v. Garden Street Management Corporation, 397 So.2d 920 (Fla. 1981). In Mabie in substance Mabie had an agreement with Rood, a corporation promoter, for stock in the corporation Garden Street. Mabie sued Rood in Escambia County but did not perfect service of process. The corporation, Garden Street, then filed an action in Hillsborough County against Mabie and perfected service of process on Mabie. Thereafter Mabie amended his complaint to join Garden Street, an indispensable party, and then Mabie perfected service in his action in Escambia County. Reaffirming Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842 (1943), and disapproving Hunt v. Ganaway, 180 So.2d 495 (Fla. 1st DCA 1965), cert. denied, 188 So.2d 806 (Fla. 1966), the supreme court in Mabie held that when two actions between the same parties are properly pending in different circuits, jurisdiction lies not in the county or circuit where the action was first filed but in the circuit wherein the action was filed in which service of process was first perfected.
On first or casual consideration it would appear that Mabie is in point and controls the decision in this case. However, on closer analysis I believe there is a meaningful difference between Mabie and Martinez and this case.
In Mabie the action filed and pending in Escambia County and the action filed and pending in Hillsborough County each involved the same identical question: how much of its stock Garden Street must issue to Mabie under Mabie's agreement with Rood. There was but one legal controversy and one answer to that one question would resolve the litigation that had been filed in two different courts. Similarly, in Martinez, a wife first filed a separate maintenance action involving child custody and support in one judicial circuit. Then the husband filed in another judicial circuit a divorce suit seeking custody of the same children. Process was served on the wife in the husband's suit before process was served on the husband in the wife's suit. The appellate court considered this to be a conflict in jurisdiction between two courts as to one controversy and held that the question should be resolved on the "lone feature of priority of process" and held that the court in which the husband's divorce suit was pending had jurisdiction of the one controversy.
This case does not involve a single legal controversy filed in each of two different judicial circuits as was involved in Mabie and Martinez. Here there are two different causes of action and two different controversies. The broker is suing in St. Johns County in contract for services rendered. The owners are suing in Duval County in tort for money damages for fraud. The owners' action does not even relate to an alleged fraud in the inducement of the brokerage contract but alleges fraud inducing the owners to enter into the agreement to sell their land. While there is a factual relationship between the two pending legal actions each is substantively and legally independent of the other and each can be resolved separately. The St. Johns brokerage action is not even a factor in the Duval County fraud action. If the alleged fraud *242 which is the basis for the Duval County action for damages also constitutes a defense to the St. Johns brokerage action then it can be pleaded as an affirmative defense in that action. Since the adjudication of, or the absence of, fraud on the broker's part will be res judicata between the parties whether that issue is first adjudicated on the allegations in the owners' complaint in the Duval County action or on allegations in the owners' affirmative defense in the St. Johns brokerage action, the one determination will resolve that issue between the parties in both cases. Therefore, in this case there is no potential conflict of jurisdiction between circuit courts in two different judicial circuits as was the potential in Mabie and Martinez.
Other than involving the same parties the legal relationship between the two pending actions in this case is that each may be said to arise factually out of the same transaction or occurrence that is the subject matter of the other action and, therefore, the claim in each action would normally constitute a compulsory counterclaim required to be asserted in the answer of the defendant in each action by Florida Rule of Civil Procedure 1.170(a). However, that rule states as an exception that the pleader need not state a claim as a counterclaim if at the time the action was commenced the claim was the subject of another pending action. Since the owners' claim now set forth in the Duval County fraud action was not pending when the broker's St. Johns County brokerage action was commenced, the owners' claim is not within the exception but is within the compulsory provisions of the rule and the owners were, and are, required to plead their fraud claim as a compulsory counterclaim in the broker's St. Johns County brokerage action. However, since the broker's St. Johns County brokerage action was the subject of another pending action at the time the owners' Duval County action was commenced, the broker's claim is within the exception to the compulsory counterclaim rule and the broker is not required to plead his brokerage claim as a compulsory counterclaim in the owners' Duval County fraud action.
Accordingly, I would affirm the order denying the owners' motion to dismiss or to transfer the broker's St. Johns County brokerage action to Duval County.