SMITH, Judge.
This appeal is from an order denying a motion for change of venue in a contract action. We affirm.
Music and Worth Construction Company, Inc. (Music), sued Yale Ogron Manufacturing Company, Inc. (Yale) in Suwannee County for damages occasioned by Yale’s delay in delivery of windows and screens to a public school being constructed by Music in Union County. The complaint alleged that the contract called for the windows and screens to be furnished to the job site in Union County, and had attached to it as an exhibit the purchase order prepared by Music under its letterhead accepting Yale’s bid' “TO FURNISH MATERIAL TO JOB SITE, .... ” The purchase order was signed by Music’s representative, and in accordance with directions stated therein a copy was signed by Yale’s representative and returned to Music.
Upon consideration of the briefs and arguments, we conclude that no error has been shown in the trial court’s order denying Yale’s motion to change venue to Dade County, where Yale’s office and place of business is located. Neither Yale’s motion nor the supporting affidavit of Yale’s vice *105 president compel a different conclusion. The purchase order, execution of which is admitted, speaks for itself. Contrary to the arguments made by Yale, there was ample basis upon which the trial court could find that the cause of action accrued in Union County, where delivery of the windows and screens was to be made. Palatka Abstract and Title Guaranty, Inc. v. Citizen’s Commercial Bank of Tallahassee, 392 So.2d 348 (Fla. 1st DCA 1981).
Yale’s reliance upon the fact that in actually performing the contract it shipped the products F.O.B. its plant in Dade County is not controlling. Yale urges Speedling, Inc. v. Krig, 378 So.2d 57 (Fla. 2d DCA 1979), as authority for its position. We disagree, since the facts in Speedling are quite different from those here. In Spee-dling, the court held that venue was proper in the county where the seller had its place of business, and in which the seller had always made delivery of all products sold to the buyer. No reference to place of delivery was specified in the contract except for the notation: “method of payment — net ten days — all prices f.o.b. production area.” As the Speedling court stated, and we agree, there was nothing in that case upon which the court could base venue in the plaintiff/buyer’s home county.
Under the circumstances presented here, we further find no abuse of discretion in the trial court’s granting of Music’s ore tenus motion to transfer venue to Union County.
AFFIRMED.
JOANOS and ZEHMER, JJ., concur.