471 So.2d 86 (1985)
RADICE CORPORATION and Feather Sound, Inc., Appellants,
v.
SOUND BUILDERS, INC. and Greywinds Florida, Inc., Appellees.
No. 84-1054.
District Court of Appeal of Florida, Second District.
May 17, 1985.
Rehearing Denied June 21, 1985.
Steven D. Merryday and Joseph H. Varner, III of Glenn, Rasmussen, Fogarty & Merryday, Tampa, for appellants.
Stephen J. Wein and Donald J. Schutz of Battaglia, Ross, Hastings, Dicus and Andrews, St. Petersburg, for appellees.
PER CURIAM.
This interlocutory appeal involves the propriety of the trial court's conclusion that venue is proper in Pinellas County when a similar lawsuit involving the same parties and the same dispute had been filed in Broward County. We affirm.
The parties to this appeal entered into a contract in which Radice Corporation and Feather Sound, Inc. (Radice) agreed to buy certain properties from Greywinds Florida, Inc. and Sound Builders, Inc. (Greywinds). A dispute arose concerning the disbursement of escrow funds. The parties attempted to settle the matter but failed, and at the conclusion of unsuccessful negotiations, *87 Radice's attorney agreed to accept service of a complaint for his clients in the event that Greywinds filed suit. On that date, February 3, 1984, Greywinds' counsel mailed to Radice's attorney a copy of the complaint in the Pinellas County lawsuit. The complaint was actually filed on February 6, 1984. Radice's attorney admitted at a hearing that he received the complaint in the mail on February 6, 7 or 8, 1984. Due to Radice's agreement to accept service, no summons was served.
In the meantime, Radice filed a lawsuit  arising out of the same contract involving the same land and the same parties  in Broward County on February 3, 1984. A summons was issued on February 3 and service of process was effected on Tuesday, February 7, 1984 at 2:00 p.m., as evidenced by the affidavit of service filed by the process server.
Greywinds filed a motion to dismiss or abate the Broward County action because of improper venue and a motion to transfer based on the convenience of the parties and witnesses. These motions were denied on March 26, 1984.
Radice filed a motion to dismiss in the Pinellas County case, and the court heard oral argument on March 30, 1984. Radice's motion had been amended to include the contentions at issue here: that service of process had never been perfected in the Pinellas action, and that because the Pinellas and Broward actions involved the same parties and the same dispute, the circuit in which service was first perfected  Broward  had exclusive jurisdiction over the action. The trial judge found that the defendants had been properly served prior to service having been effected in the Broward action and denied the motion to dismiss.
The time at which service of process was effected in both the Broward and Pinellas actions is crucial because "[w]hen two actions between the same parties are pending in different circuits, jurisdiction lies in the circuit where service of process is first perfected." Mabie v. Garden Street Management Corp., 397 So.2d 920 (Fla. 1981). This question has been characterized as one involving venue. Suggs v. Cowart, 437 So.2d 238 (Fla. 5th DCA 1983). The Pinellas trial judge found that the defendants in the Pinellas action were properly served prior to service of the defendants in the Broward action, but the appellants contend that this conclusion is unsupported.
It is true that service in the Pinellas action was not perfected in accordance with the procedures set out in Florida Rule of Civil Procedure 1.070. In fact, a summons was not even issued. It is also disturbing that the complaint was mailed before actually having been filed, but Florida Rule of Civil Procedure 1.080(a) does contemplate that original papers may be filed immediately after service. Even though the manner of service did not comport with the statutory requirements, the trial judge appropriately found that the defendants had waived the necessity of service. Such a waiver is sufficient to enable the court to exercise jurisdiction over the defendant. See 41 Fla.Jur.2d Process § 14.
Radice's attorney argues that he waived the necessity of service only to the extent that he waived his right to object to defects in service and that he did not thereby concede that service as it was effected constituted perfection of service of process. No basis exists, however, on which the opposing counsel or the trial judge could have concluded that Radice's attorney intended only a partial waiver. Rather, having waived the right to object to defects in service, the defendants also waived the right to object to the legal ramifications of that waiver. This finding is especially appropriate in view of the opposing counsel's reliance on Radice's agreement to accept service. The trial judge also found that an agreement to accept service was by custom an agreement to accept a copy of the complaint without the necessity of having a summons issued or served.
Having found that the defendants had waived the necessity of service of process, *88 the trial judge found that the defendants' attorney received the complaint in the mail prior to perfection of service in the Broward action. We see no basis on which to disturb this factual finding. Accordingly, we affirm.
RYDER, C.J., and SCHEB and OTT, JJ., concur.