496 So.2d 1002 (1986)
SOUTHEAST BANK, N.A., Appellant,
v.
Alfred A. KROMBACH, Appellee.
No. 86-719.
District Court of Appeal of Florida, Fifth District.
November 6, 1986.
*1003 Robert E. Burguieres, of Nixon and Nixon, Tampa, for appellant.
Judy Taylor Rush, of Davis & Padgett, Crescent City, for appellee.
UPCHURCH, Chief Judge.
Southeast Bank appeals a non-final order denying its motion to dismiss it as a defendant in an action filed by Alfred A. Krombach. The motion was predicated upon the ground that an action involving the same parties and subject matter was already pending in Pinellas County Circuit Court, which had first acquired jurisdiction. We treat the order as an order denying a motion for change of venue.[1]
The facts are as follows. In 1981, Krombach borrowed funds from the bank to purchase an automobile and executed an installment sales contract which, among other things, required him to keep the vehicle insured during the term of the loan. The bank claimed that Krombach failed to provide insurance for several years and so it purchased insurance. After Krombach failed to reimburse the bank for the cost of the insurance, a detective agency repossessed the vehicle on behalf of the bank.
In December 1985, the bank filed an action in Pinellas County seeking a declaratory judgment regarding its rights under the installment sales contract. In its complaint, the bank noted that Krombach has claimed that he was not in default, that the bank lacked authority to repossess the vehicle and that the repossession was not peacefully accomplished. The following month, in January 1986, Krombach filed a two count complaint against the bank and the detective agency in Putnam County. Count I was for damages and to recover possession of the vehicle believed to be in Putnam County. Count II was to recover damages and attorney's fees pursuant to section 559.72, Florida Statutes (1985) which prohibits certain consumer collection practices. Krombach alleged that the detective agency towed his vehicle from its parking place in front of his business and that when he objected and asked for a court order authorizing repossession, the agency responded by showing badges to Krombach and told him it did not need a court order. Krombach also alleged that he demanded that the vehicle be returned but that the bank has refused. Krombach further alleged that to his best knowledge, information and belief, the bank detains the property because it claims that Krombach is indebted to it for the cost of the insurance policy placed on the automobile pursuant to the terms of the security agreement.
*1004 The bank filed a motion in the Putnam County action seeking to have itself dismissed as a defendant on the basis that the same facts and legal issues were being litigated in the Pinellas County case. The bank noted that service of process was completed in the Pinellas County action before service was perfected on the bank in the Putnam County matter. The bank's motion was denied and this appeal follows.
This case is controlled by Mabie v. Garden Street Management Corp., 397 So.2d 920 (Fla. 1981). In that case, Mabie sued Rood, Garden Street's principle stockholder, in Escambia County, but did not perfect service of process immediately. Garden Street then initiated an action in Hillsborough County and perfected service of process on Mabie. The day following service, Mabie amended his complaint to join the corporation, an indispensible party, and thereafter perfected service. The controversy in each case involved how much of its stock Garden Street must issue to Mabie pursuant to his agreement with Rood, the corporation's promoter.
The supreme court found that there was jurisdiction for each suit where filed. The court then held that when two actions between the same parties are pending in different circuits, jurisdiction lies in the circuit where service of process is first perfected.
In the present case, the bank filed suit in Pinellas County seeking a declaratory judgment as to its rights under the installment sales contract. In its complaint, the bank specifically alleged that Krombach claimed that repossession of his car was wrongful because he was not in default and that the repossession was not peacefully accomplished. Krombach later filed suit in Putnam County seeking damages and repossession of his vehicle. In his complaint, Krombach specifically alleged that the bank believes he was in default because of a failure to provide insurance as required by the installment sales contract. Thus, the same questions of default and the right to possession of the vehicle have been raised in both actions. Since the parties and the issues are essentially the same in both actions but service of process was perfected first in Pinellas County, the action against the bank in Putnam County should have been transferred to Pinellas County.
Krombach, however, claims that the rule in Mabie does not apply here because the parties are not the same. In the Pinellas County action, the bank filed suit against Krombach. However, Krombach filed his action in Putnam County against the bank and the detective agency, which was employed to repossess the vehicle. This argument is without merit. In Mabie, the corporation sued Mabie while Mabie sued the corporation and Rood, its principal stockholder. The addition of another party made no difference in the result.
We also reject Krombach's argument that different issues are involved. Krombach claims that the bank's action in Pinellas County involves construction of the installment sales contract while his action in Putnam County is a tort action for a breach-of-the-peace repossession and a violation of the consumer collection practices law. Count I of Krombach's complaint was for a breach-of-the-peace repossession. The right of a secured party to repossess collateral after default and the right to dispose of that collateral is governed by part V of chapter 679. Section 679.503 provides that unless otherwise agreed, a secured party has on default the right to take possession of the collateral and that in taking possession, a secured party may proceed without judicial process if this can be done without breach of the peace. Section 679.507 provides for the secured party's liability for failure to comply with this part.
In Lee County Bank v. Winson, 444 So.2d 459 (Fla. 2d DCA 1983), the court held that damages under section 679.507 are available only when the debtor is in default and the creditor proceeds not in accordance with the provisions of chapter 679. In that case, the jury implicitly found that the debtor was not in default and hence the court held that damages were not available. Here, the court would also *1005 have to determine whether Krombach was in default before damages under chapter 679 could be awarded. Thus, both the Pinellas County action filed by the bank and count I of the Putnam County action filed by Krombach involve the question of default.
Count II of Krombach's complaint was for violation of the Consumer Collection Practices Act, sections 559.55-559.78, Florida Statutes (1985). In Williams v. Streeps Music Co., Inc., 333 So.2d 65 (Fla. 4th DCA 1976), the court held that a debtor could recover the statutory penalties under this Act if a creditor, knowing that a debtor's account was satisfied, attempted to collect an amount not due. Here, Krombach does not specify in his complaint any particular violation of the Act. Assuming that the violation is the enforcement of the legal right of repossession when the bank knew that Krombach was not in default, then consideration of the installment sales contract and whether Krombach was actually in default would be at issue. And, even if Krombach is claiming some violation which is not dependent on the legitimacy of the bank's claim, Krombach's responsibilities under the contract and the reasonableness of the bank's actions would be factors to be considered. Accordingly, the bank's claim and Krombach's claim should be litigated in one proceeding.
This conclusion is supported by our decision in Suggs v. Cowart, 437 So.2d 238 (Fla. 5th DCA 1983). In that case, a broker filed an action in St. Johns County to recover his brokerage commission on the sale of certain real property. Before any service of process in the St. Johns action, the owners, who reside in Duval County, filed an action for damages in Duval County against the broker, alleging that he fraudulently induced them to execute the sales contract. The Duval County action sought damages from the broker and also a determination that the owners were not liable for the real estate commission. Although the St. Johns County action was filed first, process was first perfected in the Duval County action. The owners moved for a change of venue in the St. Johns County action, seeking to transfer the action to Duval county. The trial court denied this motion.
On appeal, this court held that Mabie v. Garden Street Management Corp. applied and that the action should be maintained in the county where service of process was first perfected:

Mabie clearly applies here. The interrelationship of the claims would make it compulsory that the owners counterclaim for their damages in the St. Johns action if they are to prevail on their contention that they do not owe a real estate commission, and would require the broker to counterclaim for his broker's commission in the Duval County action. If two separate actions were maintained, a determination in one action on the issue of fraud in the inducement with respect to the contract for sale and purchase would be res judicata on that issue in the other action.
437 So.2d at 240.
This court then went on to note:
Thus we have two separate lawsuits, filed in two different places, involving the same parties and revolving about the same set of facts. One lawsuit will resolve all questions arising in this dispute. The parties should not be burdened with the expense of two actions, nor should the courts be burdened with two cases involving the same issues, when one will take care of the problems. Neither should we approve a situation where, as here, each party is motivated to rush to judgment in his action in the hope that a determination of a common issue will be binding in the other suit. Perhaps St. Johns County would be the better place to litigate all the issues, but the supreme court has said that in a situation like this where the parties file separate actions in different counties, the action will be maintained in the county in whose action service of process was first perfected. Mabie v. Garden Street Management Corporation, supra. In this case, that means Duval County, so we reverse, and *1006 remand this cause with directions to transfer the action to Duval County.
437 So.2d at 240.
Reversed and remanded with directions to transfer the cause against the bank to Pinellas County.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] See Radice Corp. v. Sound Builders, Inc., 471 So.2d 86 (Fla. 2d DCA 1985); Suggs v. Cowart, 437 So.2d 238 (Fla. 5th DCA 1983).