RYDER, Judge.
Appellants, plaintiffs below, seek review of the lower court’s nonfinal order transferring venue from Polk County to Hills-borough County. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A), and we reverse.
Appellants filed their complaint in the circuit court in Polk County on October 20, 1988, alleging breach of three separate employment contracts by appellee, Florida Favorite Fertilizer, Inc. (FFF). On that same day, FFF and its parent corporation, Grassland Development Corporation (GDC), filed an action in the circuit court in Hillsbor-ough County against appellants, two other individuals and a corporation, alleging causes of action for breach of a stock purchase agreement between GDC and the five individual defendants, fraud, negligent misrepresentation, rescission, conversion and civil theft. Process was served on October 21, 1988 in the Polk County action but, in the Hillsborough lawsuit, process was served on October 27, 1988. On November 14, 1988, the Polk County Circuit Court granted FFF’s motion to dismiss or transfer and ordered that the action be transferred to the circuit court in Hillsbor-ough County.
According to the allegations in the complaint filed in the Hillsborough County lawsuit, the appellants and the two other individual defendants in that suit (the stockholders) formerly owned and managed FFF. Pursuant to the stock purchase agreement, the stockholders agreed to sell 90% of their FFF stock to GDC and to execute employment agreements with FFF, unexecuted copies of which were attached to the stock purchase agreement. Thus, after the stock purchase transaction was closed, the stockholders would remain with the company as managerial employees, but GDC would become the new owner and parent corporation of FFF. The transaction closed on October 9, 1987 in Hillsbor-ough County. The stock purchase agreement contains a venue provision indicating that any state court actions arising out of *705 the agreement are to be brought in Hills-borough County.
GDC. and FFF allege in their lawsuit that appellants committed various improprieties and misrepresentations in connection with the sale of their FFF stock. Specifically, the complaint alleges that appellants misrepresented FFF’s reserve for bad debts, improperly used funds advanced to them by GDC for purposes other than those for which the funds were intended, failed to disclose the unsaleable quality of FFF’s sod inventory and the company’s potash shortages and used corporate funds to pay personal debts. These acts or omissions are alleged to have occurred prior to the stock sale.
In appellants’ Polk County action, they allege that they each executed employment agreements in Hillsborough County on October 2, 1987, that these agreements went into effect on October 9, 1987 and that they were to remain in effect for a term of seven years. According to the complaint, on July 19, 1988, FFF wrongfully terminated appellants’ employment agreements for reasons other than those enumerated in the employment agreements as justifying termination. Appellants were employed and terminated in Polk County, where FFF’s place of business is located. The employment agreements contain merger clauses, which provide that each agreement is the “entire agreement of the parties,” but they do not contain venue provisions.
The trial court’s decision to transfer venue to Hillsborough County constitutes error for two reasons, the first of which is that venue for the Polk County suit does not lie in Hillsborough County. Section 47.122, Florida Statutes (1987), permits the transfer of venue to a court in which the suit “might have been brought.” Venue in actions against domestic corporations is governed by section 47.051, Florida Statutes (1987), which provides that such actions “shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.” It is undisputed that FFF’s place of business is in Polk County and that there is no property in litigation. It is also undisputed that the acts allegedly constituting breach of the employment agreements occurred in Polk County. Therefore, appellants’ causes of action are considered to have accrued, for venue purposes, in Polk County. See Speedling, Inc. v. Krig, 378 So.2d 57 (Fla. 2d DCA 1979). Since all three statutory tests indicate that venue lies in Polk County, appellants’ lawsuit could not have been brought in Hillsbor-ough, absent an applicable contractual waiver of the statutory venue provisions. In our view, there is no contractual venue provision applicable to the employment agreements. The agreements themselves do not contain venue provisions, and the venue provision in the stock purchase agreement does not control venue in any litigation other than that which arises out of the stock purchase agreement. Appellants’ lawsuit arises out of the employment agreements, which are entirely separate from the stock purchase agreement. See Hastings v. General Electric Credit Auto Lease, Inc., 434 So.2d 1020 (Fla. 5th DCA 1983).
The second reason for our reversal is that the Polk County action does not arise out of the same “transaction or occurrence” as the Hillsborough County suit, and therefore appellants could not be required to plead their claims in the Hillsbor-ough suit as compulsory counterclaims. See Fla.R.Civ.P. 1.170(a). The Hillsbor-ough suit involves alleged acts and omissions of appellants, as sellers of their FFF stock, occurring prior to the stock purchase transaction and affecting the integrity of that transaction. The Polk suit, on the other hand, concerns whether FFF’s termination of appellants’ employment contracts was wrongful. Issues may be raised by FFF as to whether appellants acted or omitted to act in such a manner as to justify their termination, depending on the requirements of the employment contracts. However, any evidence that may be adduced in the Polk action to support such a defense will necessarily concern acts or omissions of appellants in their capacities *706 as employees during a period of time subsequent to the closing of the stock purchase transaction, at which time the employment agreements became effective. Therefore, the subject matter at issue in the Polk suit is distinct from that to be litigated in the Hillsborough action, and the result in one lawsuit will not constitute res judicata as to the other. See Revels Ford Tractor Co., Inc. v. Meares, 419 So.2d 1190 (Fla. 2d DCA 1982).
Further, even if the Polk County causes of action had arisen from the same transaction or occurrence as the Hillsbor-ough suit, the result in this case would not be different. Florida Rule of Civil Procedure 1.170(a) provides that a compulsory counterclaim need not be pleaded if “at the time the action was commenced the claim was the subject of another pending action....” At the time the Hillsborough action commenced — that is, when process was served in that action — the Polk lawsuit was pending, since process had already been served in that suit. Therefore, appellants would not have been required to file their claims as compulsory counterclaims in Hillsborough County. Instead, GDC and FFF would have been required to file their lawsuit as a compulsory counterclaim in Polk County. See Mabie v. Garden Street Management Corp., 397 So.2d 920 (Fla. 1981); Southeast Bank, N.A. v. Krombach, 496 So.2d 1002 (Fla. 5th DCA 1986); Radice Corp. v. Sound Builders, Inc., 471 So.2d 86 (Fla. 2d DCA 1985).
The order of the trial court is, therefore, reversed and the matter is remanded for further proceedings.
CAMPBELL, C.J., and SCHOONOVER, J„ concur.