PETERSON, Judge.
Ron and Janet Chapman appeal an order denying their motion to change venue from Orange County to either Collier County, where they reside, or Charlotte County, where the action may have accrued. We reverse.
Sovran Construction Company, Inc.’s, (Sovran) action against the Chapmans is based on a guaranty agreement the Chap-mans gave to Sovran to guaranty the performance of Anglo Steel, Inc., (Anglo), who had sub-contracted with Sovran, but who is not joined in this litigation. Although Anglo entered into a subcontract with Sovran designating Orange County as the appropriate venue for any actions on the subcontract, the Chapmans’ guaranty agreement did not contain a similar clause. Because this action is on the guarantee agreement, not the underlying subcontract agreement, the Chapmans’ motion to change venue to either Collier County, where they reside, or Charlotte County, where the action may have accrued,[1] should have been granted. See Hastings v. General Electric Credit Auto Lease, Inc., 434 So.2d 1020 (Fla. 5th DCA 1983) (because action was on guarantee agreement, and not on the underlying automobile leasing agreement, and there was no contract provision relating to venue in the guaranty agreement, the general venue statute, section 47.011, Florida Statutes (1981) applied).
*617 We reverse and remand with instructions to transfer venue to the circuit court in either Collier or Charlotte County.
REVERSED AND REMANDED.
DAUKSCH and THOMPSON, JJ., concur.

. The Chapmans’ uncontested affidavit stated the cause of action accrued either in Collier or Charlotte County.