ON MOTION TO QUASH
PER CURIAM.
This matter is before us on a motion to quash the interlocutory appeal by Consolidated Government of the City of Jacksonville, an intervenor, from an Order of the Circuit Court of Leon County, Florida, dated May 29, 1968, denying the motion of the defendant Secretary of State to dismiss the amended complaint, holding that this appellant was not an indispensable party to the cause; and from the Order of the same Circuit Court dated June 28, 1968, denying the motion of the appellant (intervenor) to transfer this cause to the Circuit Court of Duval County because of improper venue.
It affirmatively appears from the record before us that the trial court determined that the appellant here, was not an indispensable or necessary party to this cause, but that because of the interest of appellant, said appellant could intervene, if timely application made therefor. This was done and plaintiff-intervenor, filed forthwith a motion to transfer said cause to Duval County, and a motion to dismiss the cause of action.
*35 We find the authority for. the appellant intervening in said cause in F.R.C.P. Rule 1.230, 30 F.S.A. Interventions as follows:
“Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.”
It is significant to note that the Inter-venor’s rights are subordinate to the original proceeding unless otherwise ordered by the court. In the case sub judice, at the time of entry of the orders appealed from, the trial court had not in its discretion altered the right of the intervenor, although in the last order appealed from, the trial court did give to the intervenors the right to file an amended complaint as a party plaintiff, and even went so far as to consider the motion to transfer the cause on its merits.
While there is some doubt as to the authority of the trial court, under F.R.C.P. Rule 1.230, to entertain the motions of the intervenor, which motions were apparently in direct conflict with the propriety of the main proceeding, without having first authorized the intervenor to so plead, we must and do agree with the trial court in its conclusion contained in its order of June 28, and are of the opinion, and so hold, that it is apparent that the appeal therefrom is frivolous and can only be taken for the purpose of delay. The motion to quash as to this order is hereby granted.
As to the Order of May, 29, 1968, the appellant was not even an intervening party to this cause at that time, and there-, fore has no standing in court to attack the ruling of the court made at that time; but, even if this were not so, and constituted error, the same has been cured by the intervention of the appellant as a party plaintiff. Further, the Defendant Secretary of State attempted to waive the question of venue in his answer wherein he stated he had no objection to the cause being transferred to the Fourth Judicial Circuit. This came after an answer had been filed by the other and in fact, the real defendants in interest in which they had prayed for affirmative relief in said cause and therefore the waiver by the Secretary of State in the instant case can carry no merit in the Court’s determination on the question' of venue. Originally the Defendant Secretary of State had filed its motion to dismiss without touching upon the question of venue.
The motion to quash the interlocutory appeal is hereby granted.
WIGGINTON, C. J., and JOHNSON and SPECTOR, JJ., concur.