397 So.2d 920 (1981)
Lefferts L. MABIE, Jr., Petitioner,
v.
GARDEN STREET MANAGEMENT CORPORATION, a Florida Corporation, Respondent.
No. 58969.
Supreme Court of Florida.
April 23, 1981.
Thomas W. McAliley and David J. White of Beckham, McAliley & Proenza, Miami, for petitioner.
Robert E. Morris and E.B. Rood, Tampa, for respondent.
McDONALD, Justice.
Mabie seeks reversal of a per curiam decision of the Second District Court of Appeal, 382 So.2d 901 (Fla.2d DCA 1980), affirming a trial court order denying Mabie's motion to dismiss and/or transfer Garden Street's suit for declaratory decree.[1] Because of *921 conflict with Rood v. Mabie, 375 So.2d 20 (Fla. 1st DCA 1979), cert. denied, 385 So.2d 760 (Fla. 1980), we accepted jurisdiction.[2] We approve the decision of the Second District Court of Appeal.
Mabie sued Rood, Garden Street's principal stockholder, in Escambia County, but did not perfect service of process immediately. Garden Street then initiated this action in Hillsborough County and perfected service of process on Mabie. The day following service Mabie amended his complaint to join the corporation, an indispensible party, and thereafter perfected service. The controversy in each case involves how much of its stock Garden Street must issue to Mabie pursuant to his agreement with Rood, the corporation's promoter.
We find that there is jurisdiction for each suit where filed. Mabie contends that this suit is precluded by his suit against Rood which was filed first. Garden Street replies that the instant action prevails because service of process was first perfected in this proceeding.
When two actions between the same parties are pending in different circuits, jurisdiction lies in the circuit where service of process is first perfected. Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842 (1943). The First District Court of Appeal, finding that a later rule change overruled Martinez, held that the suit filed first prevails. Hunt v. Ganaway, 180 So.2d 495 (Fla. 1st DCA 1965), cert. denied, 188 So.2d 806 (Fla. 1966).[3] Although there is a rational basis for reaching that conclusion,[4] we find that the better policy is to follow Martinez and have the date of service of process govern the jurisdictional conflict presented by this case. We reaffirm Martinez and disapprove Hunt.
The trial judge and the Second District Court of Appeal correctly declined to dismiss or transfer this case. We approve the decision of the district court.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.
NOTES
[1] The trial judge's order reads as follows:

That venue of this cause of action is properly in Hillsborough County alone because the cause of action arose here and the Plaintiff "resides" here, and that this Court first acquired jurisdiction of this cause of action because service of process was first served in this suit and because the Plaintiff was not a party to the Escambia suit when this court obtained jurisdiction of the subject matter of this suit.
[2] Art. V, § 3(b)(3), Fla. Const. (1972).
[3] This is the federal rule. Barber-Greene Co. v. Blaw-Knox Co., 239 F.2d 774 (6th Cir.1957).
[4] See Fla.R.Civ.P. 1.050.