**MOBIL OIL CORPORATION v. COASTAL PETROLEUM COMPANY, et al.**
Case No. GC-G-81-2198
Tenth Judicial Circuit, Polk County
May 26, 1982

Hume F. Coleman, Chesterfield Smith, Holland & Knight, for plaintiff.

Robert J. Beckham, James R. Hubbard, Beckham & McAliley, for defendant, State of Florida.

Robert J. Angerer, William J. Peebles, for defendant, Coastal Petroleum Company.

OLIVER L. GREEN, JR., Circuit Judge.

The Plaintiff, Mobil Oil Corporation, a New York corporation, will be referred to as Mobil. The Defendant, Coastal Petroleum Company, a Florida corporation, will be referred to as Coastal. The Board of Trustees of the Internal Improvement Trust Fund of the State of Florida, will be referred to as the State.

Mobil's title per se to the lands described in Attachment "A" to the Complaint is undisputed. It should be born in mind that the instant action is an effort by Mobil to quiet its title to the described lands, with regards to claims by Coastal, which are based on a mining lease from the State of Florida (Lease 224-B). Indeed, Coastal not only makes no claim of title to these lands, but has filed with the court two purported Quit Claim Deeds which would resolve the matter. Mobil replies that the recording of these deeds is not sufficient since the issues with regards to Coastal's prior claim must be litigated.

Coastal and The State insist that although the lands in this action are not the same lands being litigated in "Mobil One" (parties designated for the Leon County action), the issues are the same, inasmuch as a resolution there would turn on the same legal principles raised here.

*Mabie v. Garden Street Management Corporation,* 397 So.2d 920.

A careful reading of the *Mabie* Opinion, including Footnote 1, indicates that the action was in persona. Justice McDonald, speaking for the court, stated:

> "The controversy in each case involves how much of its stock Garden Street must issue to Mabie pursuant to his agreement with Rood, the corporation's promoter." *Mabie v. Garden Street Management Corporation, SUPRA.*

This principle is not transferrable to the circumstances of this case.

In the first instance, I confess that, while I am cognizant of The State's general attitude regarding the several controversies between Mobil and Coastal, I am somewhat puzzled by its posture in this case. The State contends we are dealing with navigable water issues here. Coastal alleges that Mobil was on visual notice of the characteristics of the Peace River and its tributaries when the land was purchased.

Coastal and The State disagree as to the application of the swamp and overflow theory to Coastal's claim in this particular action. Indeed, Coastal suggests that Mobil brought the instant action as a calculated move to eliminate concerns by The State and to reduce to a minimum any consequences to Coastal. Coastal maintains that there are other lands similarly situated in title theory, to which their financial claims are far greater. It is appropriate and jurisdictional that the title to lands located in Polk County must be quieted here, including the mineral rights associated therewith.

Neither Coastal nor The State dispute Mobil's record title to the lands in question. Indeed, it is undisputed by the State or Coastal that the 1855 survey plat and field notes by the United States failed to describe any navigable waters in Township 31 South, Range 25 East. Furthermore, the titles to these lands were never encumbered by a suggestion of mineral reservation until March 27, 1946, when the State granted Coastal a lease (Lease 224-B), purporting to convey certain rights to sovereignty lands. Mobil's chain of record title pre-dates Lease 224-B.

Mobil alleges that Lease 224-B is deficient in several ways. These alleged defects will not be addressed here, inasmuch as The State was without authority to convey any mineral interest in these lands to Coastal in the first instance, the title already having been conveyed to Mobil and its predecessors prior to Lease 224-B. (This argument is impressive and I am tempted to discuss it. I find Lease 224-B to have been poorly conceived, even aside from the immediate problems which were created by it).

I, therefor make the following findings of fact:

(1)   This Court has jurisdiction.

(2)   Coastal's Motion to Dismiss, Abate and Transfer should be denied.

(3)   The lands described in Attachment "A" of the Complaint are lawfully titled in Mobil upon a sufficient root of fee simple title, without reservation or restriction of mineral rights and without other

encumbrances which would be material to this action. Coastal may not collaterally attack the validity of these conveyances.

(4) That the methods of conveyance to Mobil's predecessors in title by the United States and/or the Board of Trustees of the Internal Improvement Trust Fund of the State of Florida were sufficient to convey proprietary rights in the subject land to those grantees, and through subsequent conveyances to Mobil, including the rights to all mineral deposits therein, without reservation with regards to navigable waters, tributaries of navigable waters, or swamps and overflow lands. It is a matter of interest that the survey of 1855 by the United States failed to mention any geographical features which are now alleged to form a basis for Coastal's mineral claim. (*Paradise Fruit Co., Inc. v. Board of Trustees,* 5th DCA, 81-1175, Petition for Rehearing Denied; *Askew v. Sonson,* 409 So.2d 7; *State Board of Trustees v. Laney,* 399 So.2d 408; *State of Florida, Department of Natural Resources v. Contemporary Land Sales, Inc.,* 400 So.2d 488).

(5) Mobil has treated the land entirely as its own for more than twenty (20) years, during which time no interest was asserted by Coastal. Furthermore, Mobil's record title has been in existence for more than thirty (30) years prior to the effective date of Chapter 712, Florida Statutes, without any mineral claim being asserted by either Coastal or The State. (*Paradise Fruit Co., Inc. v. Board of Trustees,* 5th DCA, 81-1175, Petition for Rehearing Denied; *Askew v. Sonson,* 409 So.2d 7; *State Board of Trustees v. Laney,* 399 So.2d 408; *State of Florida, Department of Natural Resources v. Contemporary Land Sales, Inc.,* 400 So.2d 488).

(6) Mobil has exercised exclusive, notorious continuous and adverse possession of the described land under a claim and color of title for more than seven (7) years prior to the filing of this action, and prior to any other claim by Coastal to any mineral interest in the land.

(7) Inasmuch as the State of Florida had no reservation of mineral rights, (indeed, the State of Florida claims none in this action), any claim by Coastal based upon Lease 224-B, is without foundation in fact.

(8) Mobil recognizes that under certain circumstances, which are not material to this action, rights to sovereignty lands may be subject to The State's residual power to protect against impairment of navigable servitude. It is assumed for the purpose of this ruling that non-navigable fingers extending from, and the high water mark of, the Peace River are located on the subject land. The end result of the instant ruling is that even though the high water mark and the tributaries of the Peace River

extend into the subject land, all proprietary rights, including the rights to mineral deposits, have been, at all times material to this action, and are now, vested in Mobil. (*Paradise Fruit Co., Inc. v. Board of Trustees,* 5th DCA, 81-1175, Petition for Rehearing Denied). (See I(3) of Plaintiff's Mobil Oil Corporation, amended Motion for Summary Judgment).

It is, thereupon, ORDERED AND ADJUDGED that:

(a)   Defendant's, Coastal Petroleum Company, a Florida Corporation, Motion to Dismiss, Abate and Transfer is DENIED.

(b)   Plaintiff, Mobil Oil Corporation, a New York corporation, is the owner in fee simple title, of all lands described as "The Land" in Attachment "A", which is attached to and is a part of the Complaint herein, said lands being located in Polk County, Florida.

(c)   The fee simple title in and to the lands described in Attachment "A" of the Complaint is hereby quieted in Mobil Oil Corporation, a New York corporation, (including Virginia-Carolina Chemical Company) at all times of their record ownership of the lands, free and clear of any right, title, interest, or claim of any kind whatsoever, by Coastal Petroleum Company, a Florida corporation, and all persons or entities, including the State of Florida, claiming by, through or under Coastal Petroleum Company, whether by virtue of Lease 224-B, or otherwise. (Chapter 65, Florida Statues).

(d)   The fee simple title in and to the lands described in Attachment "A" of the Complaint, also includes the ownership by Mobil Oil Corporation, a New York corporation, of all minerals, whether liquid or solid, or of whatever description, located on, in, or under said land described in Attachment "A" of the Complaint filed herein.