448 So.2d 623 (1984)
Fred A. THOMAS, Pinch-a-Penny, Inc., and Sun Wholesale Supply, Inc., Appellants,
v.
James N. ENGLISH, Norma English, William T. Makielski, Denise Makielski, Richard C. Hardway, Alice F. Hardway, E.A. Shirah, Janice Shirah, James J. Curtis and Janet S. Curtis, Appellees.
No. 83-2258.
District Court of Appeal of Florida, Fourth District.
April 18, 1984.
David J. Glatthorn of Brennan, McAliley, Hayskar, McAliley & Jefferson, P.A., West Palm Beach, for appellants.
Robin A. Lloyd, Sr., and Elizabeth A. Jackson of Moss, Henderson & Lloyd, P.A., Vero Beach, for appellees.
HERSEY, Judge.
Appellants question the legal propriety of a temporary injunction granted by the trial court. We respond affirmatively, holding that abatement of an action is appropriate where two actions are pending simultaneously which involve the same parties and the same or substantially the same causes of action. It matters not whether true abatement is sought defensively (by motion to abate) or affirmatively (by application for a temporary injunction). See, e.g., Knight v. Global Contact Lens, Inc., 220 So.2d 693 (Fla. 3d DCA 1969), Sarasota County v. Stanton Investment Co. of Missouri, 283 So.2d 152 (Fla. 2d DCA 1973) and Birnholz v. Steisel, 338 So.2d 862 (Fla. 3d DCA 1976). Further, we find competent substantial evidence supporting the actions of the trial court and therefore hold that the exercise of discretion which resulted in the granting of the injunction meets the *624 reasonableness test sired by Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). However, it was error to grant the injunction without bond in the absence of a finding of appellees' financial inability to respond to such a requirement. Fla.R.Civ.P. 1.610(c). We therefore reverse and remand to permit the trial court to conduct a hearing and thereafter to require a bond upon such terms and conditions and in such amount as may be found appropriate.
REVERSED and REMANDED.
LETTS and HURLEY, JJ., concur.