526 So.2d 764 (1988)
Layne L. LIGHTSEY, Cary D. Lightsey, J.A. Miles, Jr., Earl W. Thomas, and David B. Dickenson, Petitioners,
v.
The Honorable Volie A. WILLIAMS, Jr., As Circuit Judge of the Ninth Judicial Circuit, and the Board of Trustees of the Internal Improvement Trust Fund, State of Florida, Respondents.
No. 88-903.
District Court of Appeal of Florida, Fifth District.
June 10, 1988.
*765 Bruce A. Leinback and F. Alan Cummings, Tallahassee, for petitioners.
Robert A. Butterworth, Atty. Gen., John W. Costigan and Lee R. Rohe, Asst. Attys. Gen., Environmental Litigation, Tallahassee, Charles R. McCoy, Asst. Gen. Counsel, Dept. of Natural Resources, Tallahassee, for respondents.
DANIEL, Judge.
Petitioners are owners of property bordering on Lake Kissimmee. Two of the petitioners, the Lightseys, filed a declaratory judgment action in the Tenth Judicial Circuit in and for Polk County to determine the boundary of their property in relation to the lake, the west shore of which also constitutes the boundary between Polk and Osceola Counties.[1] Respondent, Board of Trustees of the Internal Improvement Trust Fund, filed a counterclaim in the case alleging that the Lightseys were trespassing as a result of their actions in allegedly depositing fill on sovereign land below the ordinary high water mark of Lake Kissimmee. Some months later, the Board filed similar trespass actions against three other property owners whose land borders on Lake Kissimmee, but these actions were filed in the Ninth Judicial Circuit in and for Osceola County. The Board also filed an action for trespass against the Lightseys in the Ninth Circuit, directed to a separate parcel of land owned by them, but making otherwise identical allegations. The four actions filed in Osceola County were consolidated.
Petitioners filed a motion to dismiss the Osceola County actions for lack of subject matter jurisdiction, and a motion to abate or stay the cases pending resolution of the Polk County action. Respondent, the Hon. Volie A. Williams, Jr., denied both motions, which resulted in the filing of a petition for writ of prohibition or certiorari in this court.
In Mabie v. Garden Street Management Corporation, 397 So.2d 920, 921 (Fla. 1981), the court held that "When two actions between the same parties are pending in different circuits, jurisdiction lies in the circuit where service of process is first perfected." See also Suggs v. Cowart, 437 So.2d 238 (Fla. 5th DCA 1983). There is no question that service of process was first perfected in the Polk County action, nor is there any question that the Polk County Circuit Court has jurisdiction.[2] As noted in Thomas v. English, 448 So.2d 623 (Fla. 4th DCA 1984), abatement is appropriate where two actions are pending simultaneously which involve the same parties and the same or substantially the same causes of action. See also Koehlke Components, Inc. v. South East Connectors, Inc., 456 So.2d 554 (Fla. 3d DCA 1984). There is no doubt as to the identity of parties and issues in the Polk and Osceola County actions *766 involving the Lightseys. Accordingly, the trial court departed from the essential requirements of law in denying petitioners' motion to abate or stay.
Respondent Board's argument that the consolidation of the Lightseys' action with those of the other petitioners destroys the identity of parties necessary to require abatement, even if true, would not prohibit the court from granting a stay as to the consolidated actions. Clearly, the rules set forth in Mabie and Thomas, which are intended to prohibit a race to judgment, cannot be avoided by such maneuvers. Accordingly, we find that the failure to abate or stay the consolidated cases constitutes an abuse of discretion and a departure from the essential requirements of law. The petition for writ of certiorari is granted and the order denying the motion to abate or stay is quashed.
The mandate is issued concurrently herewith and, due to time constraints occasioned by the trial in this matter having been scheduled to commence two business days from issuance of this opinion, no motion for rehearing will be entertained.
WRIT ISSUED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Sections 7.49 and 7.53, Florida Statutes (1987).
[2] Section 47.071, Florida Statutes (1987).