547 So.2d 660 (1989)
FLORIDA INSURANCE GUARANTY ASSOCIATION, INC., Appellant,
v.
The CELOTEX CORPORATION and the Jim Walter Corporation, On Behalf of Itself and All Insureds, Appellees.
No. 88-03308.
District Court of Appeal of Florida, Second District.
June 9, 1989.
Rehearing Denied August 17, 1989.
G. Bart Billbrough of Walton, Lantaff, Schroeder & Carson, Miami, for appellant.
Charles R. Schropp, Raymond T. Elligett, Jr., and Stephen F. Myers of Shackleford, *661 Farrior, Stallings & Evans, P.A., Tampa, for appellees.
PATTERSON, Judge.
Florida Insurance Guaranty Association, Inc. (FIGA), the defendant below, appeals from an order denying its motion to dismiss or abate and asserts that other Florida courts of concurrent jurisdiction have previously assumed jurisdiction over the controversy between the parties. We reverse.
On March 25, 1988, appellant FIGA filed a lawsuit against appellee The Celotex Corporation (Celotex) in the circuit court of Broward County. Service of process was effected on the same date. FIGA also filed suit against appellee Jim Walter Corporation (Jim Walter) in Dade County and perfected service on March 27, 1988. In both actions, FIGA sought a declaratory judgment regarding its responsibility for liability insurance coverage of personal injury and property damage claims arising from exposure to asbestos products and materials. FIGA is the successor to a number of insolvent insurers of Celotex and Jim Walter.
On April 1, 1988, Celotex and Jim Walter joined together and instituted suit against FIGA in Hillsborough County. The subject matter of this lawsuit is identical to that of the Broward and Dade actions. FIGA filed the instant motion to dismiss or abate, which the trial court denied.
The law is well settled that, "When two actions between the same parties are pending in different circuits, jurisdiction lies in the circuit where service of process is first perfected." Mabie v. Garden Street Management Corp., 397 So.2d 920, 921 (Fla. 1981); Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842 (Fla. 1943). This is true because a single set of facts constitutes the controversy between the parties. When the jurisdiction of a competent court is invoked in regard to those facts, it is to the exclusion of any other court of concurrent jurisdiction.
The appellees successfully argued in the trial court that this rule does not apply here because there is not an identity of parties in the three lawsuits. The identity of parties is a condition precedent to dismissal or abatement in cases of this nature. Bruns v. Archer, 352 So.2d 121 (Fla. 2d DCA 1977). We determine, however, that that requirement has been met here. Clearly, if Celotex and Jim Walter had instituted separate actions in Hillsborough County, each would have been subject to dismissal or abatement. The appellees cannot avoid the clear meaning of the law by simply joining as plaintiffs in a single action. To hold otherwise would be to permit conflicting rulings on the same facts, which is exactly what the Mabie and Martinez decisions prohibit.
Accordingly, we reverse the order of the trial court and remand with directions to dismiss this action without prejudice.
LEHAN, A.C.J., and PARKER, J. concur.