569 So.2d 830 (1990)
TOWERS CONSTRUCTION COMPANY OF PANAMA CITY, INC., Appellant,
v.
KEY WEST POLO CLUB APARTMENTS, LTD., Etc., Appellee.
No. 90-1368.
District Court of Appeal of Florida, Fifth District.
November 1, 1990.
*831 Robert Cintron, Jr. and Cathi C. Wilkinson of Pennington, Wilkinson, Dunlap, Bateman and Camp, P.A., Tallahassee, for appellant.
Stephen M. Stone, Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal from a non-final order denying appellant's motion to dismiss for improper venue. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A).
On August 16, 1989, appellee filed a complaint against appellant in the Monroe County Circuit Court in which it requested the clerk to issue a summons to appellant to show cause why its claim of lien should not be enforced or vacated and cancelled. Appellee alleged that it had previously entered into a contract with appellant, a general contractor, for the construction of an apartment complex. Although appellant had worked on the project, appellee alleged that it had breached the contract by refusing to perform further work. Appellant then filed a claim of lien. Appellee alleged that the lien was fraudulent because appellant had been fully paid for work performed through the billing date and because it had included amounts for work which had not been performed. In the event that appellant failed to show cause why the lien should not be enforced, appellee requested that the lien be vacated and cancelled.
Appellant later filed a complaint against appellee in the Bay County Circuit Court in which it sought to foreclose its mechanic's lien, to recover damages for fraud, breach of contract, breach of third party contract, breach of construction loan agreement and to establish a constructive trust. Appellee was served with the complaint on September 8, 1989. Based on the parties' stipulation, the trial court entered an order transferring this action from Bay County to Monroe County. Appellant filed an amended complaint against appellee in which it added causes of action for civil theft, perjury and forgery to those counts previously asserted in its initial complaint.
Appellee thereafter filed a complaint against appellant in the Orange County Circuit Court for unjust enrichment. It alleged that on January 24, 1990, appellant had delivered to it a letter and original partial release of a lien in which it agreed to reduce a $1,142,850.71 second amended claim of lien by $146,041.68 after notification that appellee had wired it $73,020.84. When appellee mistakenly wired appellant a second payment of $73,020.84, appellant refused to return the payment upon demand. Appellee therefore requested damages for that amount. A written notation on the summons indicates that appellant was served with appellee's complaint on March 1, 1990.
Appellant moved to dismiss appellee's complaint for improper venue or to transfer it to Monroe County on the ground that an action in that county was presently pending in which it had sued appellee in an attempt to foreclose its mechanic's lien. It alleged additionally that appellee had asserted various claims against it in the same action. Appellant concluded by stating that Monroe County was the proper forum for appellee's present action inasmuch as Monroe County's Circuit Court had already acquired jurisdiction over the subject matter of its mechanic's lien. Attached to appellant's motion to dismiss was an affidavit by its attorney in which he explained the litigation history between the parties in great detail. Appellant now appeals the trial court's denial of its motion to dismiss.
The law is well established that where there are two actions between the same parties pending in different circuits, jurisdiction is in the circuit where service of process was first perfected. Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842 (Fla. 1943). See also Mabie v. Garden Street Management Corp., 397 So.2d 920 (Fla. 1981). Where the suits revolve around the same set of facts, the claims are interrelated and one lawsuit can resolve the issues, it is judicially prudent to permit both suits to be resolved in the same forum. Suggs v. Cowart, 437 So.2d 238 (Fla. 5th DCA 1983). See also Southeast Bank, N.A. v. Krombach, 496 So.2d 1002 (Fla. 5th DCA 1986). *832 In Robinson v. Royal Bank of Canada, 462 So.2d 101 (Fla. 4th DCA 1985), the Fourth District Court of Appeal held that where there are two actions simultaneously pending, a stay is appropriate if they involve "the same parties and substantially the same causes of action." See also Florida Ins. Guaranty Ass'n, Inc. v. Celotex Corp., 547 So.2d 660 (Fla. 2d DCA), rev. den., 554 So.2d 1167 (Fla. 1989); Lightsey v. Williams, 526 So.2d 764 (Fla. 5th DCA 1988); Reuther v. Reuther, 524 So.2d 1035 (Fla. 4th DCA), rev. den., 534 So.2d 401 (Fla. 1988); Thomas v. English, 448 So.2d 623 (Fla. 4th DCA 1984).
While the causes of action in the present case are different (appellee seeks damages only for unjust enrichment as contrasted with appellant's multiple action suit), both suits involve the mechanic's lien filed by appellant during the course of construction of an apartment complex which it agreed to build for appellee. Under these facts, it would be more appropriate to resolve all issues in the same circuit. Because service of process was first perfected in appellant's suit against appellee in Monroe County, the trial court in this case erred by denying appellant's motion to transfer venue of appellee's suit from Orange County to Monroe County. See also Contracted Services, Inc. v. W.W. Outpost, Inc., 502 So.2d 527 (Fla. 3d DCA 1987); Radice Corp. v. Sound Builders, Inc., 471 So.2d 86 (Fla. 2d DCA 1985).
REVERSED and REMANDED for entry of transfer order.
GOSHORN and PETERSON, JJ., concur.