PER CURIAM.
This is an appeal of the denial of a motion to vacate a default entered in a contract action. We reverse.
The trial court erred in denying vacation of the default because not only was the default entered without notice to appellant, but appellant’s failure to respond to the motion for default was excusable since it was caused by confusion as a result of the pendency of two cases involving the same matter and parties in two different circuits. Moreover, where a party believes his rights are protected in a related action in a different forum and thus fails to answer a complaint in a subsequently filed action, a default entered in that second action will be set aside. Appliance & Refrigeration Distributors, Inc. v. Fedders USA, Inc., 518 So.2d 1384 (Fla. 3d DCA), review denied, 528 So.2d 1181 (Fla.1988).
*714 Furthermore, we abate the instant action on authority of Mabie v. Garden St. Management Corp., 397 So.2d 920, 921 (Fla.1981) (where same parties bring similar actions in different circuits, circuit where service of process first perfected retains jurisdiction). In this case, the same parties brought similar actions in the Fifth and the Eleventh Judicial Circuits; service of process was first perfected in the Fifth Judicial Circuit. The pendency of the prior fifth circuit action is grounds to abate this later filed action. Thomas v. English, 448 So.2d 623 (Fla 4th DCA 1984); Birnholz v. Steisel, 338 So.2d 862 (Fla. 3d DCA 1976).
Accordingly, we reverse the default and abate the action. Based on our reversal, the award of attorneys fees is also reversed.