PER CURIAM.
Appellant, pro se, appeals denial of his amended motion to vacate.
On October 31, 1990, appellant was arrested in Monroe County on an outstanding federal warrant and extradited to Wisconsin where he continues to be imprisoned. Appellant left behind a boat which was seized for violation of Florida’s motor vehicle title law. On March 18, 1991 appellant filed a lawsuit, entitled Claim For Return of Property, against the Monroe County Sheriff, summons never issued and no service of process was ever made. The Sheriff filed a Rule to Show Cause and for Final Order of Forfeiture which was heard and granted on June 18, 1991. On April 9, 1992 the court, sua sponte, dismissed appellant’s Claim For Return Of Property holding that the issues involved had already been determined at the forfeiture hearing in June of 1991. Appellant, on May 22, 1992, filed a Motion to Vacate Judgment alleging that the trial court lacked jurisdiction to hear the forfeiture action due to appellant’s petition for removal to the federal courts and that the forfeiture was a violation of his due process rights. In
December of 1992 appellant filed an Addendum To Motion To Vacate arguing that he had just become aware of the case number of his “Claim”, that the court had an obligation to hear appellant’s claim prior to proceeding on the forfeiture action, that dismissal could not be based on the forfeiture action, and that appellant’s due process rights had been violated. On March 24,1993 the court held a hearing on both of appellant’s motions and appellant, appearing via telephone, argued on his own behalf. The court construed appellant’s pleadings as a claim for relief under Florida Rules Civil Procedure, 1.540(b). The court found that appellant had been properly noticed of the forfeiture action and had failed to respond and that final judgment was properly granted in June of 1991. The court found that appellant had failed to serve his “Claim” on the Sheriff, and that the claims made in that case had been resolved by the Final Judgment of Forfeiture in June of 1991. The court found that the motion -with regards to the forfeiture action was untimely in that it was filed more than one year after the June 1991 entry of final judgment.[1] The court found appellant’s jurisdictional arguments to be without merit and entered an order denying appellant’s motion and addendum to motion to vacate judgment.[2]
Appellant argued in his Motion to Vacate Judgment that the trial court did not have jurisdiction to enter the Final Order of Forfeiture. Appellant based this argument of his flawed attempt to remove the forfeiture action to the federal courts. Appellant never filed a Petition of Removal with the clerk of the court or with the trial court itself. Appellant concedes that he failed to file his petition with the clerk of the court but argues that he constructively notified the trial court of the removal petition thus divesting the trial court of jurisdiction. Constructive notice cases stand for the proposition that the trial court will be deemed to have constructive notice of a Petition of Re *1112 moval when petitioner delivers a copy of the petition to the trial judge in open court. See Medrano v. State of Texas, 580 F.2d 803 (5th Cir.1978); Adair Pipeline v. Pipeliners Local No. 798, 203 F.Supp. 434 (S.D.Tex.1962). In the instant action appellant did not file a petition with either the clerk or the trial judge in open court; thus, appellant’s lack of jurisdiction argument must fail.
Appellant’s Addendum to Motion To Vacate is based upon the trial court’s failure to hear appellant’s Claim for Return of Property prior to the Final Order of Forfeiture. Appellant argues that since he filed his “Claim” prior to the forfeiture action the court was obligated to hear the “Claim” first. Appellant was aware of the forfeiture action, had he desired to proceed on the earlier filed “Claim” he should have filed a motion to abate the forfeiture action or moved for an injunction prohibiting the prosecution of the forfeiture action. See Thomas v. English, 448 So.2d 623 (Fla. 4th DCA 1984); Birnholz v. Steisel, 338 So.2d 862 (Fla. 3d DCA 1976). Appellant may not now move for relief from that judgment based upon his mistaken view of the law. See Duckworth v. Duckworth, 414 So.2d 562 (Fla. 3d DCA 1982); Kuykendall v. Kuykendall, 301 So.2d 466 (Fla. 1st DCA 1974).
Therefore, the order under review is affirmed.
Affirmed.

. Appellant’s motions were timely under Rule 1.540. Although the trial court stated in its order that appellant’s motions are untimely, the record demonstrates that appellant’s motion was filed 336 days after entry of the forfeiture judgment and that appellant’s addendum was filed in December, approximately eight months after the dismissal, in April of 1992, of appellant's Claim For Return of Property.

. The trial court held a consolidated hearing on appellant’s "claim” and the forfeiture proceeding. One order was entered containing both file numbers and disposing of all matters pending in both proceedings. That order is the subject of this appeal.