650 So.2d 165 (1995)
AL PACKER, INC. d/b/a Al Packer Ford, Appellant,
v.
FIRST UNION NATIONAL BANK OF FLORIDA and Gary Connor, Appellees.
No. 94-2580.
District Court of Appeal of Florida, Third District.
February 8, 1995.
Rehearing Denied March 8, 1995.
*166 Arnstein & Lehr and Peter M. Feaman, West Palm Beach, for appellant.
Kantor & Sapurstein and Bertram A. Sapurstein, Miami, for appellees.
Before HUBBART and BASKIN and LEVY, JJ.
PER CURIAM.
Because (a) the appellant/intervenor Al Packer, Inc. [Packer] is clearly an indispensable party to the replevin action below, and (b) a replevin action, involving the same set of facts and the same parties as the replevin action below, was previously filed in the circuit court in Palm Beach County, we conclude that: (1) Packer, as an indispensable party, had standing to move to transfer the venue of the action below to the circuit court in Palm Beach County, and (2) the trial court abused its discretion in denying this motion.
We recognize that ordinarily an intervening party in an action takes the case as he or she finds it because the intervention is necessarily "in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion." Fla.R.Civ.P. 1.230; see Singletary v. Mann, 157 Fla. 37, 24 So.2d 718 (1946); Weiss v. Courshon, 618 So.2d 255 (Fla. 3d DCA 1993); Williams v. Nussbaum, 419 So.2d 715 (Fla. 1st DCA 1982). This means that an intervenor cannot, as a general rule, move to transfer the venue of an action. See Consolidated Gov't of Jacksonville v. Adams, 213 So.2d 34 (Fla. 1st DCA), cert. dismissed, 218 So.2d 174 (Fla. 1968). We conclude, however, that the rule is different where, as here, the intervenor is an indispensable party to the action. Under these circumstances, the intervenor occupies, in effect, the same status as the main parties to the action, and, accordingly, should have the same privileges, including the privilege of filing a motion for change of venue.
Beyond that, it is well settled that where, as here, there are two actions between the same parties pending in different judicial circuits, jurisdiction lies in the circuit where service of process was first perfected  here, the circuit court in Palm Beach County. Mabie v. Garden St. Management Corp., 397 So.2d 920 (Fla. 1981); Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842 (1943); Hogan v. Millican, 209 So.2d 716 (Fla. 1st DCA 1968); compare Towers Constr. Co. of Panama City, Inc. v. Key West Polo Club Apts., Ltd., 569 So.2d 830 (Fla. 5th DCA 1990). The final order under review denying Packer's motion for a change of venue is therefore reversed, and the cause is remanded to the trial court with directions to grant the subject motion transferring the instant action to the circuit court in Palm Beach County.
Reversed and remanded.