678 So.2d 916 (1996)
FASCO INDUSTRIES, INC., etc, et al, Petitioners,
v.
Bill E. GOBLE, Respondent.
No. 96-66.
District Court of Appeal of Florida, Fifth District.
August 30, 1996.
David B. King and Mayanne Downs of King & Blackwell, P.A., Orlando, for Petitioners.
Marcia K. Lippincott of Marcia K. Lippincott, P.A., Maitland, for Respondent.
THOMPSON, Judge.
Fasco Industries, Inc., Fasco Controls Corporation, Electro Corporation and Lazerdata Corporation ("Petitioners") seek a writ of certiorari. Petitioners contend that the trial court departed from the essential requirements of law in denying their motions to abate a lawsuit filed by Bill E. Goble ("Respondent") in Seminole County, when there was another lawsuit involving the same facts and the same parties pending in Orange County. We have jurisdiction[1] and we deny the writ.
Respondent was brought into a lawsuit in Orange County Circuit Court by a third-party complaint. He filed an answer and a counterclaim which he later amended to include all of the petitioners. Respondent then filed a lawsuit in Seminole County Circuit Court against the same Petitioners involving the same facts. Although the Orange County case was filed first, service of process was perfected first against all the Petitioners in the Seminole County case. Respondent was able to perfect service against some of the petitioners in Orange County, but only perfected service against all of them after they were served in the Seminole County case. Petitioners moved the trial court to abate the Seminole County case because of the pending Orange County lawsuit. They argued that Respondent could not maintain more than one cause of action based on the same facts. See generally Schimmel v. Aetna Casualty & Surety Co., 506 So.2d 1162, 1164 (Fla. 3d DCA 1987) (explaining rule against splitting causes of action). Further, they argued that where the lawsuit first was filed should determine where jurisdiction lies. *917 Anderson v. Anderson, 563 So.2d 169 (Fla. 3d DCA 1990).
The trial court denied the motion relying upon Mabie v. Garden Street Mgt. Corp., 397 So.2d 920 (Fla.1981). In Mabie, the Florida Supreme Court held that when a trial court is presented with two actions between the same parties pending in two different circuits, jurisdiction lies in the circuit where service of process is first perfected. The court stated:
[W]e find that the better policy is to ... have the date of service of process govern the jurisdictional conflict presented by this case.
Id. at 920. In this case, service of process against all parties was first perfected in Seminole County.
Petitioners note that Mabie involved only one defendant, and argue that the rule should be different when there are multiple defendants. We disagree. Whether one or multiple defendants are involved in a lawsuit, the logic of Mabie would still apply, jurisdiction lies in the court where service first is perfected against all defendants. Mabie unequivocally rejects the concept that the suit first filed prevails. We see no basis to distinguish Mabie because of multiple defendants. Accordingly, we deny the petition.
PETITION DENIED.
COBB and W. SHARP, JJ., concur.
NOTES
[1] Lightsey v. Williams, 526 So.2d 764 (Fla. 5th DCA 1988); Red Oak Farm, Inc. v. City of Ocala, 636 So.2d 97, 98 (Fla. 5th DCA 1994).