PER CURIAM.
This is an interlocutory appeal of an order which dissolved a temporary injunction, discharged a receiver, and transferred this action to Broward County. The court below entered this order after appellees filed an unsworn motion to dismiss, abate or transfer and asserted that a “strikingly similar” action between some of these parties was pending in the Broward Circuit Court, see Mabie v. Garden St. Management Corp., 397 So.2d 920 (Fla.1981); Mendes v. Dowelanco Indus. LTDA., 651 So.2d 776 (Fla. 3d DCA 1995); Ricigliano v. Peat, Marwick, Main & Co., 585 So.2d 387 (Fla. 4th DCA 1991); Lightsey v. Williams, 526 So.2d 764 (Fla. 5th DCA 1988), and that the appointment of a receiver *220 in the action below was violative of section 47.081, Florida Statutes (1995) where the appellees’ property is located in more than one judicial circuit and their principal place of business is in Ft. Lauderdale, Broward County, Florida. We agree with appellants, however, that the trial court abused its discretion in dissolving the injunction and transferring this action to Broward County where the record reflects that the Broward case had in fact already been voluntarily dismissed [1] and there was ho contention by ap-pellees that venue in the court below was otherwise inappropriate or that the forum below was inconvenient. See Britamco Underwriters, Inc. v. Central Jersey Invs., Inc., 682 So.2d 138,139 (Fla. 4th DCA 1994). We, therefore, reverse that portion of the order which dissolved the injunction and transferred this action to the Broward Circuit Court.[2] As to that portion of the order which discharged the receiver, we decline to reinstate the receiver in the absence of a factual determination of whether the application for the receiver was appropriately made in the court below pursuant to section 47.031.[3] We therefore remand for an eviden-tiary determination by the court below on whether the subject property is in fact located in more than one judicial circuit and whether appellees’ principal place of business, residence or office is located in Bro-ward County as asserted in the appellees’ motion.
Reversed and remanded with instructions.

. All that remained in the Broward action was an unrelated counterclaim.

. Our reversal of the dissolution of the temporary injunction, however, should not be construed to preclude the appellees from seeking to otherwise dissolve the injunction on the merits in the court below if the situation so warrants. We, of course, express no opinion at this time on the legal propriety of the entry of the injunction.

.Section 47.031 reads:
When an application is made for a receiver of property and it is located in more than one judicial circuit, the court appointing the receiver has jurisdiction over the entire property for the purposes of that action but the application for the receiver must be made to the circuit court in which the principal place of business, residence or office of defendant is located.