PER CURIAM.
We reverse the tnal court s order denying the motion of Corporate Communications Group, Inc. [“CCG”], to set aside a default judgment and final garnishment judgment.
Where a party laboring under confusion caused by the pendency of an existing action fails to respond to a complaint in a second action, “a default entered in that second action will be set aside.” Ewing Indus., Inc. v. Miami Wall Sys., Inc., 583 So.2d 713, 713 (Fla. 3d DCA 1991), review denied, 595 So.2d 557 (Fla.1992); Okeechobee Imports, Inc. v. American Sav. & Loan Ass’n, 558 So.2d 506 (Fla. 3d DCA 1990). Failure to respond under these circumstances is excusable neglect. Cabral v. Diversified Serv., Inc., 560 So.2d 246 (Fla. 3d DCA 1990).
The trial court’s reliance on Winter Park Arms, Inc. v. Akerman, 199 So.2d 107 (Fla. 4th DCA 1967), is misplaced. Winter Park Arms is distinguishable: unlike the scenario in the present case, Winter Park Arms’ corporate president was served personally and failed to respond to the complaint. This rises to the level of gross negligence; the failure to respond in the instant case does not. Hence, the trial court’s denial of the motion to set aside the default judgment and final garnishment judgment was an abuse of discretion.
The default judgment and final garnishment judgment are therefore reversed, and the cause remanded for further proceedings.
Reversed and remanded.