THOMPSON, J.,
Petitioners CO Motors, Ltd., Luther W. Coggin, C & 0 Properties, Ltd., Coggin Automotive Corp. and Charles B. Tomm seek certiorari review of the trial court’s order denying their motion to abate. Petitioners contend that a lawsuit filed in Duval County should proceed and the lawsuit filed in Orange County should be abated. We grant the petition and enter the writ.
Petitioner CO Motors, Ltd. and respondent Andrews Automotive Corp. are partners in Coggin-Andrews Honda, located in Orlando. A dispute arose between the partners over the management and disposition of the dealership. According to petitioners, sales at Coggin-Andrews Honda have been in decline since 1995. As a result of the decline in business, Luther W. Coggin informed Michael Andrews that he intended to sell all of his dealerships, including his interest in the instant partnership. Andrews, president of Andrews Automotive and general manager of Coggin-Andrews Honda, alleged that the sale of the dealerships violated terms of the partnership agreement. Coggin pursued a deal that would result in the indirect transfer of his interest in the partnership to Asbury Automotive. Allegedly, Coggin improperly manipulated the proposed deal in an effort to force Andrews to pay an inflated price to exercise his right of first refusal. The parties conducted settlement negotiations in March and April 1998, with Andrews allegedly seeking to buy out Coggin. According to Andrews, during these negotiations, neither party triggered the liquidation provisions contained in the partnership agreement. The negotiations were not successful, and ultimately, Coggin, in a letter dated April 20, 1998, fired Andrews, claiming “poor performance.” Allegedly, in that letter and in other statements, Coggin defamed Andrews.
On May 5, 1998, CO Motors filed a one-count declaratory action against Andrews Automotive in the Duval County Circuit Court to seek a determination of its rights under the partnership agreement. The following day, May 6, 1998, Andrews Automotive and Michael Andrews filed a four-count lawsuit in the Orange County Circuit Court. It is undisputed that service of process was *418 first perfected in the Duval County action.[1] The parties have since filed amended complaints.
On May 15, 1998, petitioners served their motion to abate the Orange County action in favor of the Duval County action. The motion to abate alleged that the two actions “involve the same fundamental dispute between the parties.” The motion further alleged that not only was the Duval County action filed first, service of process was perfected first in it. After a July 27, 1998 hearing, the trial court entered its order denying the motion to abate. Petitioners now seek certiorari review of the trial court’s order.
Petitioners argue that the trial court should have granted their motion to abate pursuant to Mabie v. Garden Street Management Corp., 397 So.2d 920 (Fla.1981), in which the court held: “When two actions between the same parties are pending in different circuits, jurisdiction lies in the circuit where service of process is first perfected.” Id. at 921. Petitioners note that in the instant case service of process was first perfected in the Duval County action. They also note that this court has also held that only one court should resolve lawsuits that concern the same set of facts. As Towers Construction Co. of Panama City, Inc. v. Key West Polo Club Apartments, Ltd., 569 So.2d 830, 831 (Fla. 5th DCA 1990) explained, “Where the suits revolve around the same set of facts, the claims are interrelated and one lawsuit can resolve the issues, it is judicially prudent to permit both suits to be resolved in the same forum.”
Petitioners urge that the claims in the Duval County action are “interrelated” with those in the Orange County action. They point out that the Duval County action is for a declaratory judgment on CO Motors’ right to liquidate the partnership; that is, whether Andrews Automotive Corp. by its actions triggered the liquidation provisions of the partnership agreement. Meanwhile, the gravamen of the Orange County action is that the defendants therein have been “scheming” to eliminate Michael Andrews’ rights under the partnership agreement. Also, Count One of the Orange County action seeks to compel by specific performance the conveyance of real property being leased by the partnership based upon the plaintiffs’ alleged first refusal rights under the lease, but this cause of action will be rendered moot if the partnership is terminated as requested in the Duval County action because the plaintiffs’ first refusal rights in the property will also be terminated.
In the instant case, it is clear that the requirements for abatement have been satisfied for purposes of Mabie, because both actions include the same parties, and it is beyond dispute that service was first perfected in the Duval County action. Mabie does not appear to involve any other considerations. However, case law from this court appears to consider other factors. Under Towers, additional factors are whether “the suits revolve around the same set of facts,” and whether “the claims are interrelated and one lawsuit can resolve the issues.”
We conclude that both the Duval County action and the Orange County action ultimately “revolve around the same set of facts” for purposes of Towers. Both revolve around a business dispute between two partners over the management and disposition of the automobile dealership, which led to the termination of Andrews as general manager. As the partners’ rights and obligations are set forth in their written partnership agreement, resolution of their dispute largely comes down to construing and applying the terms of their partnership agreement. The sole count of the original Duval County action refers to a specific provision of the partnership agreement. In the Orange County action, Count Two also refers to a specific provision of the partnership agreement. While Counts One and Three do not refer to a specific provision, it is clear that in those counts plaintiffs therein are seeking vindication of their rights under the partnership agreement. And Count Four, which alleges defamation, does not involve the partnership *419 agreement, but otherwise stems from the underlying dispute over the management of the dealership, as the statements were allegedly made in conjunction with Andrews’ termination. Respondents have more claims against petitioners than petitioners have against respondents, but the fact remains that all the claims in the instant case originated from the same set of the underlying facts. Under Towers, therefore, “the claims are interrelated and one lawsuit can resolve the issues.”
Finally, it is worthwhile to recall the policy considerations underlying Mabie. In Lightsey v. Williams, 526 So.2d 764, 766 (Fla. 5th DCA 1988), this court explained that the rule set forth in Mabie is “intended to prohibit a race to judgment.” Allowing the trial court’s order in the instant case to stand will not further the policy considerations underlying Mabie.
Accordingly, we grant the petition for writ of certiorari, quash the order denying the motion to abate and remand to the trial court to grant the petitioners’ motion to abate. See Fasco Indus., Inc. v. Goble, 678 So.2d 916, 917 (Fla. 5th DCA 1996) (“[Jjurisdietion lies in the court where service first is perfected against all defendants”).
PETITION GRANTED; ORDER QUASHED; REMANDED with directions.
DAUKSCH and GOSHORN, JJ., concur.

. According to the motion to abate, Andrews Automotive Corp. was served in the Duval County action at 12:50 p.m. on Friday, May 8, whereas the defendants in the Orange County action were served at 2:00 p.m. that same day.