737 So.2d 1194 (1999)
HOLLYWOOD LAKES COUNTRY CLUB, INC. and E.M. Seagall, Appellants,
v.
SILVER & WALDMAN, P.A., Appellee.
No. 99-15.
District Court of Appeal of Florida, Third District.
July 21, 1999.
Altschul, Landy & Collier and Nanci S. Landy, Weston, for appellants.
Patricia M. Silver and Glen H. Waldman, Miami, for appellees.
Before NESBITT, SHEVIN and SORONDO, JJ.
PER CURIAM.
Hollywood Lakes Country Club, Inc. (HLCC) and E.M. Seagall appeal from the lower court's order denying their request for change of venue. We reverse.
On October 26, 1998, Security Professionals, Inc., Coastline Communications Corp., and Sandy Seagall (none of which is a party to this appeal) filed a legal malpractice action in Broward County Circuit Court ("Broward action") against appellee, Silver & Waldman, P.A. (Silver) and a second firm (also not a party to this appeal). *1195 Both firms represented the abovenamed parties as well as HLCC and E.M. Seagall in the Broward County Circuit Court case from which the malpractice claim arose. Service was perfected on Silver in the Broward case on October 27, 1998. It was not until November 25, 1998 that HLCC and E.M. Seagall were declared party plaintiffs to the Broward action.
On October 29, 1998, Silver filed an action in Dade County Circuit Court ("Dade action") to recover attorney's fees from HLCC. (service was perfected upon HLCC on October 30, 1998). Silver contends that it represented only HLCC and E.M. Seagall, but no written fee agreement exists. There is a dispute as to whether Silver also represented Security Professionals, Coastline Communications and Sandy Seagall.
On November 19, 1998, six days prior to becoming party plaintiffs in the Broward action, HLCC and E.M. Seagall moved to transfer the Dade action to the Broward Circuit Court in order to join it with the pending malpractice case. That motion was denied, and this appeal followed.
HLCC and E.M. Seagall contend that the trial court erred in denying their motion to transfer the Dade action to the Broward Circuit Court because the Broward action between HLLC and E.M. Segall and Silver was served first and because the Dade action is a compulsory counterclaim to the Broward case. We agree with appellants that the trial court erred in denying their motion to transfer.
Florida Rule of Civil Procedure 1.170(a) states, in pertinent part:
A pleading shall state as a counterclaim any claim which at the time of serving the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim ...
The malpractice sued upon in the Broward case and the attorney's fees sued upon in the Dade case arose out of the same transaction or occurrence. Both the Dade case and the Broward case involve Silver's representation of certain parties in the underlying litigation. Because the alleged malpractice occurred and the fees were incurred in the same case, the Dade case is a compulsory counterclaim to the Broward case. See Johnson v. Allen, Knudsen, De-Boest, Edwards & Rhodes, P.A., 621 So.2d 507 (Fla. 2d DCA 1993) (malpractice action and a fee dispute based upon the same representation invokes the compulsory counterclaim provision of Fla. R. Civ. P. 1.170(a)).
Additionally, jurisdiction over both actions lies in the circuit where service of process was first perfected. See Mabie v. Garden St. Management Corp., 397 So.2d 920 (Fla.1981); Al Packer, Inc. v. First Union Nat'l Bank of Fla., 650 So.2d 165 (Fla. 3d DCA 1995). Service of process was first perfected on Silver in the Broward case on October 27, 1998; Silver did not file the Dade action until October 29, 1998. Thus, the Dade case should be transferred to the Broward Circuit Court so that it can be consolidated with the Broward case as a compulsory counterclaim.
Reversed and remanded with instructions to transfer the Dade case to Broward Circuit Court to be joined with the previously filed case.