GROSS, J.
We affirm the trial court’s order granting Special Data Processing Corporation’s motion to dismiss or transfer venue.
*1182 Appellant Triad Discount Buying Services, Inc. filed suit in Palm Beach County on September 7, 1999; it secured service on appellee Special Data on September 8 at 11:35 a.m. Special Data filed its action against Triad in Pinellas County on September 8, 1999; it obtained service on Triad later that day at 4:28 p.m.
Special Data moved to dismiss or transfer venue. The trial court heard the testimony of witnesses at an evidentiary hearing. The evidence demonstrated that Special Data was ready to file its lawsuit against Triad on August 26, 1999. The trial court concluded that Triad had set up a settlement conference with Special Data “for the sole intention of preventing [Special Data] from filing their lawsuit at the point in time when they were prepared to file it. It was done in such a way that [Triad] could get to the courthouse first....” The trial judge granted Special Data’s motion.
Where two actions between the same parties are filed in different circuits, venue lies in the circuit where service of process is first perfected. See Mabie v. Garden St. Management Corp., 397 So.2d 920, 921 (Fla.1981); Al Packer, Inc. v. First Union Nat’l Bank of Florida, 650 So.2d 165, 166 (Fla. 3d DCA 1995). In Ray v. Williams Phosphate Co., 59 Fla. 598, 52 So. 589 (1910), the supreme court recognized that the facts of a given case may justify an exception to the general rule. See Beckmann v. Burdette-Beckmann, Inc., 564 So.2d 649 (Fla. 4th DCA 1990) (reversing order changing venue because exception to Mabie not supported by facts in record). Section 47.122, Florida Statutes (1999), allows for such an exception in its provision that a court may transfer venue “in the interest of justice.”
The trial court’s application of equitable estoppel to its venue decision is a proper exception to the general rule of Mabie. Absent a specific statutory provision, there is no rule of law which exempts venue decisions from the operation of equitable estoppel. See generally, Noble v. Yorke, 490 So.2d 29, 31 (Fla.1986).
Here, appellee would not have been subjected to venue in Palm Beach County had it not been lured into believing that there was no need to file a lawsuit because Triad intended to expeditiously settle the controversy. But for appellant’s deceit, Special Data would have been able to take advantage of the Mabie rule. Viewed in the light most favorable to appellee, there was sufficient evidence in the record to establish the elements of an estoppel. See Lewis v. State Dep’t of Health & Rehabilitative Servs., 659 So.2d 1255, 1256 (Fla. 4th DCA 1995) (stating equitable estoppel elements) (citation omitted). The trial court did not abuse its “broad discretion” in granting the motion. Groome v. Abrams, 448 So.2d 82, 83 (Fla. 4th DCA 1984).
AFFIRMED.
GUNTHER and POLEN, JJ., concur.