NORTHCUTT, Judge.
This case involves a dispute about the management of several limited liability companies and the ownership of real properties variously located in Pinellas and Sarasota Counties. In July 2002, Steve and Tina Kranias filed a circuit court suit in Pinellas County against Jim Tsiogas and four limited liability companies, Pogoni Land Trust LLC, Pogoni Investments LLC, Pogoni Management LLC, and Epicurus LLC (collectively “Pogoni”). The Kraniases asserted numerous causes of action, most of which alleged mismanagement of the limited liability companies and *163 claimed that the disputed properties in both counties, which had been titled in the name of Pogoni, actually belonged to the Kraniases. Then, in October 2002, Tsiogas and two of the Pogoni companies filed suit against the Kraniases in Sarasota County, claiming the properties located in that county were owned by Pogoni. The Sarasota suit raised some but not all of the same causes of action asserted in the Pi-nellas suit, plus additional claims. Tsiogas and Pogoni asked the Sarasota court to appoint a receiver for the properties, which it did. In this nonfinal appeal, the Kraniases challenge that order.[1] We reverse because the Sarasota court had no authority or jurisdiction to appoint a receiver for the properties.
In order to explain our result, we must briefly discuss the procedural quagmire that led to two separate lawsuits in two different counties, which essentially involve the same issue, i.e., ownership of the properties. In November 2002 the Pinel-las court dismissed three of the Kraniases’ causes of action — to quiet title, for a declaratory judgment, and for a constructive trust — insofar as those counts related to real properties located in Sarasota County. But the Pinellas court continued to exercise its jurisdiction over the Sarasota properties and the accompanying claims to them asserted in the remainder of the Kraniases’ counts, including those seeking dissolution of the limited liability companies.[2] After the Pinellas court entered this order, Tsiogas and Pogoni filed the Sarasota suit, asserting an action to quiet title and for a constructive trust concerning the Sarasota real estate, but also seeking relief based on breach of fiduciary duty, rescission, and other theories. Their complaint also included a count for a “receiver,” but they did not request a judicial dissolution of the limited liability companies.
Even so, Tsiogas’s and Pogoni’s motion for the appointment of a receiver was grounded on management conflicts in the limited liability companies, and it asserted that a receivership was authorized under sections 608.449 and 608.4491, Florida Statutes (2002), which address the judicial dissolution of limited liability companies. Section 608.4491 authorizes a “court in a proceeding brought to dissolve a limited liability company” to “appoint a receiver” and to “take other action required to preserve the limited liability company’s assets wherever located, and carry on the business of the limited liability company until a full hearing can be held.” (Emphasis supplied.) Likewise, section 608.4492(1) authorizes a “court in a judicial proceeding brought to dissolve a limited liability company” to “appoint one or more receivers to wind up and liquidate, or one or more custodians to manage, the business and affairs of the limited Lability company.” Thus, in this dispute the authority to appoint a receiver lies in the Pinellas court, where the action to dissolve the limited liability companies is pending, not the Sarasota court, where dissolution has not been sought. And, as section 608.4492(1) makes clear, if the Pinellas court were to appoint a receiver, it would have “exclusive jurisdiction over the limited liability company and all of its property wherever located.” See, id. (emphasis supplied).
 Moreover, our record reveals that the Sarasota court was concerned with its power to act in this case, given the pending Pinellas suit. The court was aware that when a single set of facts is in controversy, and suits are pending between the parties in two different judicial circuits, *164 jurisdiction lies in the circuit where service of process is first perfected. Mabie v. Garden St. Mgmt. Corp., 397 So.2d 920, 921 (Fla.1981); Fla. Ins. Guar. Ass’n Inc. v. Celotex Corp., 547 So.2d 660, 661 (Fla. 2d DCA 1989). Our record in this nonfinal appeal does not reveal whether every claim in the Sarasota suit is based on the set of facts pending determination in the Pinellas suit. But vis-a-vis the facts and legal issues surrounding the dissolution of the limited liability companies, jurisdiction rests in the Pinellas court, where the first and only action seeking to dissolve them was filed. The Sarasota court did not have jurisdiction and therefore could not appoint a receiver for the property claimed to be owned by Pogoni. See County Nat’l Bank of N. Miami Beach v. Stern, 287 So.2d 106, 107 (Fla. 3d DCA 1974) (stating that a circuit court must have jurisdiction over the subject matter of the suit in order to appoint a receiver).
The order appointing a receiver is reversed.
WHATLEY and STRINGER, JJ„ Concur.

. Fla. R.App.P. 9.130(a)(3)(D).

. The court also left pending the Kraniases' causes of action for slander of^itle, fraud, breach of fiduciary duty, and rescission.