PER CURIAM.
Petitioner Grace Bergman, petitions this court for a writ of certiorari to quash a non-final order denying her motion to abate or stay civil proceedings to establish constructive trusts, for surcharge, and removal of a trustee. We find the circuit court deviated from the essential requirements of the law in denying the stay. We therefore grant the petition, quash the order, and remand the case to the trial court for entry of a stay.
In 2003, the respondent Kaplan filed a petition in probate court seeking an accounting. The probate court entered a final summary judgment requiring Bergman to provide an accounting. The court also found that Kaplan was barred from amending her original complaint in probate court. On a motion for rehearing, the court vacated its ruling on the time limitation, but continued to deny the motion to amend. Bergman has appealed that order. Kaplan then filed this civil action to impose constructive trusts, for surcharge, and to remove the trustee, thereby raising some of the same issues from the probate proceeding in the civil action.
The appeal proceedings in both the probate action and this civil action involve some of the same parties and at least one material issue, the timeliness of Kaplan’s claims under section 737.307, Florida Statutes (2001). As such, the risk of multiple conflicting orders and the circuit court’s potential for undermining the issues currently on appeal to this court is real.
In such circumstances, the trial court’s order denying the stay departed from the essential requirements of law resulting in irreparable harm. See generally REWJB Gas Invs. v. Land O’Sun Realty, Ltd., 645 *983 So.2d 1055 (Fla. 4th DCA 1994), rev. denied, 654 So.2d 919 (1995); Lightsey v. Williams, 526 So.2d 764 (Fla. 5th DCA 1988); Robinson v. Royal Bank of Can., 462 So.2d 101 (Fla. 4th DCA 1985). In these types of cases, courts have recognized the injurious affect of multiple, conflicting orders and the need for the circuit courts not to interfere with the jurisdiction of the courts of appeal when issues are then pending before them. For this reason, we grant the petition, quash the order of the trial court, and remand the case for entry of a stay pending the outcome of the probate proceedings.
WARNER, GROSS and MAY, JJ., concur.