989 So.2d 730 (2008)
Shawn RYAN, Appellant,
v.
AMERICAN MARINE HOLDINGS, INC., a Foreign Corporation, and Aqua Toy Store, Inc., a Florida Corporation, Appellees.
No. 4D07-4899.
District Court of Appeal of Florida, Fourth District.
September 3, 2008.
Stephen L. Zimmerman of Zimmerman, Zimmerman & Miceli, P.A., Pompano Beach, for appellant.
*731 Daniel C. Guarnieri and F. Steven Herb of Nelson Hesse, LLP, Sarasota, for appellee American Marine Holdings, Inc.
STEVENSON, J.
Shawn Ryan, the plaintiff below, appeals the trial court's dismissal of his breach of warranty claim against the defendant, American Marine Holdings, Inc. ("AMH"). The trial court dismissed the claim against AMH, finding that AMH is the same entity as Donzi Marine, LLC, and that Ryan must raise that claim as a compulsory counterclaim in the pending case, Donzi Marine, LLC v. Shawn Ryan, filed by Donzi in Sarasota County. As the facts in the present record do not support a finding that AMH is the same entity as Donzi Marine, LLC, we reverse and hold that dismissal was improper.
This matter arises out of a warranty dispute over a Donzi vessel that Ryan purchased in Pompano Beach, Florida in 2006. In March of 2007, Donzi Marine, LLC filed a declaratory judgment and breach of contract action against Ryan in Sarasota Countythe county where a replacement vessel was to be built. In its complaint, Donzi asserted a breach of contract claim against Ryan and additionally requested that the court make a declaration of Donzi's rights and obligations under the terms of the Donzi Marine Limited Warranty. Ryan unsuccessfully moved to dismiss the action and transfer venue to Broward County. In September of 2007, Ryan filed the present action in Broward County, asserting a breach of express warranty claim against AMH, alleging that AMH provided the written warranty for the vessel, attached as Exhibit A to the complaint. Exhibit A, "Donzi Marine Limited Warranty," is identical to the warranty attached to Donzi's complaint filed in Sarasota County. Paragraph 7 of the warranty states that "Donzi Marine is a division of American Marine Holdings, Inc." Ryan's complaint also asserts claims against Aqua Toy Store, Inc., the retailer of the vessel.
Dismissal without prejudice is called for when an action between identical parties involving the same controversy is already pending in another circuit because jurisdiction over the controversy lies in the circuit where service was first perfected. See Fla. Ins. Guar. Ass'n v. Celotex Corp., 547 So.2d 660, 661 (Fla. 2d DCA 1989) (citing Mabie v. Garden St. Mgmt. Corp., 397 So.2d 920, 921 (Fla.1981)). In such a case, identity of parties is a condition precedent to dismissal. Id. (citing Bruns v. Archer, 352 So.2d 121 (Fla. 2d DCA 1977)). Here, however, Ryan alleges that the parties at issueDonzi Marine, LLC and American Marine Holdings, Inc.are separate legal entities, and that fact is not refuted by the record. We therefore reverse the dismissal without prejudice for the trial court to readdress AMH's motion to transfer venue, which it had not ruled upon.
Reversed and Remanded.
GROSS and MAY, JJ., concur.